Marshall, Ch. J.,
 

 delivered the opinion of the court. — This case comes up on exceptions to certain opinions given by the judges of the circuit court of Rhode Island, at the trial of the cause before them.
 

 The first exception is to the admission of Peleg Remington as a witness. This exception appeared to .be abandoned by the counsel in reply, and is,, indeed, so perfectly untenable, that the court will only observe, that Peleg Remington does not appear to have been interested in the event of the cause in which he deposed, but certainly was not interested in the particular fact to which he was required to depose, and was, therefore, clearly a competent witness.
 

 *The second exception is taken to the opinion of the court admitting as evidence a paper purporting to be the copy of a letter written
 
 L
 
 by the defendant, Carrington, to Smith
 
 &
 
 Ridgeway, of Philadelphia, the correspondents of the plaintiffs, and also a letter from Smith & Ridgeway to the defendant, Carrington, purporting to be an answer to the said letter. To the admission of the letter of Smith & Ridgeway, no just objection appears. The verity of that letter is acknowledged on the face of the bill of exceptions, and no cause is stated, why it should not have been read to the jury. But the admission of the copy of a letter written by one of the defendants stands upon totally different ground. To introduce into a cause the copy of any paper, the truth of that copy must be established, and sufficient reasons for the non-production of the original must be shown. If, in this case, the answer of Smith & Ridgeway had authenticated the whole letter of Carrington, the copy of that letter need not have been offered,, since its whole contents would have been proved by the answer to it. If its whole contents were not proved by the answer, then the part not so proved was totally unauthenticated, and may have formed no part of the original letter. In this case, the answer cannot have authenticated the copy, because the bill states that the defendants gave no proof of its being true. This copy, therefore, not being proved to be a true copy, ought not to have gone before the jury. Into its importance or operation, this court cannot inquire. It was improper testimony, and a verdict founded on improper testimony cannot stand. For this error, the judgment must be reversed, and the cause remanded to the circuit court of Rhode Island to be again tried.
 

 The third exception is taken to the ref usual of the court to give an opinion on a question stated by the counsel for the plaintiffs. The difficulty of deciding on this exception does not arise from any doubt which *ought to have been produced by the facts in the cause, but from the man-[*71 ner in which the question was propounded to the court. After a long and complex statement of the testimony, the counsel for the plaintiffs requested
 
 *44
 
 the court to declare whether, “ if the plaintiffs had actually paid the said premium to the underwriters, before any notice of the change of the destination of the ship, they had a right, under the circumstances of the case, to recover the same of the defendants.” To this question, the court refused to give an answer.
 

 There can be no doubt of the right of a party to require the opinion of the court on any point of law which is pertinent to the issue, nor that the refusal of the court to give such opinion furnishes cause for an exception; but it is equally clear, that the court cannot be required to give to the jury an opinion on the truth of testimony, in any case. Had the plaintiffs’ counsel been content with the answer of the court to the question of law, he would have been entitled to that answer ; but when he involved facts with law, and demanded the opinion of the court on the force and truth of the testimony, by adding the words “ under the circumstances of the case,” the question is so qualified, as to be essentially changed ; and although the court might, with propriety, have separated the law from the fact, and have stated the legal principle, leaving the fact to the jury, there was no obligation to make this discrimination, and consequently, no error was committed, in refusing to answer the question propounded.
 

 The record also exhibits a part of the charge given to the jury, on which the counsel for the plaintiffs have argued, as if it composed a part of the bill of exceptions. It is in these words :
 
 “
 
 And the said court, prior to the request last mentioned, did declare and give their opinion to said jury, that the case wholly turned upon the point, whether or not the said defendants *had given due and seasonable notice of the change of the destina *72] tion of said ship. That it was a question proper for the said jury to decide, whether such due and seasonable notice had been given ; and that if they were of opinion, it had been so given, on considering the whole of the evidence, they ought not to allow the plaintiffs’ said charge for said premium.”
 

 That a party has a right to except to a misdirection of the jury contained in the carge of the judge who tries the cause, is settled in this court. (
 
 Church
 
 v.
 
 Hubbart,
 
 2 Cr. 239.) That the opinion which the record ascribes to the judge in this case is incorrect, unless some other part of the charge shall have so explained it as to give to the words a meaning different from that which is affixed to them, taken by themselves, is the opinion of this court. The judges instructed the jury,
 
 “
 
 that the case wholly turned upon the point, whether or not the defendants had given due and seasonable notice of the change of the destination of the said ship,” and that if they were of opinion, that due and seasonable notice had been given, they ought to find against the plaintiffs, on the question of their right to recover the premium advanced by them for the defendants.
 

 Due and seasonable notice must have been given, as soon after the destination of the vessel was changed as it could have been given, whether the premium had or had not been advanced by the plaintiffs before they received it; or this direction must have left it to the jury to determine, whether notice was or was not due and seasonable, although it might not have been received by the plaintiffs, before they had actually advanced for the defendants the sum in contest. On the first exposition, these words would amount to a clear misdirection of the jury ; because, if the plaintiffs
 
 *45
 
 had paid to the underwriters, at the request of the defendants, the premium of assurance, before they received notice countermanding the directions to make such payment, the right given by subsequent circumstances *to
 
 r*ha
 
 the assured to demand its return from the underwriters, could not L affect the claim of the plaintiffs on the defendants, for money fairly advanced by them for the use of the defendants. If the latter construction be adopted, there was still a misdirection on the part of the court. The judge ought not to have left it expressly to the jury to decide, whether notice given immediately after the change of the destination of the vessel, could be due and seasonable notice, unless it was received before the premium was advanced.
 

 It is, however, not material to the present cause to determine whether this exception does or does not exhibit a misdirection to the jury, since we are unanimously of opinion, that for admitting a paper purporting to be the copy of a letter from Edward Carrington to Smith & Ridgeway, to go to the jury, which was not proved to be a copy, the judgment must be reversed.
 

 Judgment reversed.