𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

GORDON v. THE CITY OF RICHMOND.

JUNE 16th, 1887.

*Absent*—LEWIS, P.

1. CITY OF RICHMOND—*Charter—Liability—Passer—Ordinary care.*—It is the duty of a municipality, which by its charter has the power to keep its streets and sidewalks in a safe condition, and this applies to the city of Richmond under its charter. *Orme* v. *Richmond*, 79 Va. 86. Passer has a right to presume the streets and sidewalks to be in safe condition, and is not required to be observant of their condition. And though he has actual knowledge of their bad condition, their use by him is not *per se* negligence, and does not impose on him the exercise of extraordinary care.

2. IDEM—*Contributory negligence—Burden of proof.*—Where the city, in, suit for injury from defective sidewalk, relies on the defence of contributory negligence, the burden of proof lies on it, but such negligence may be proved by circumstances.

3. INSTRUCTIONS—*Reversible errors.*—Refusal to give instructions rightly propounding the law and applicable to the case, and giving instructions that are obscure and calculated to mislead the jury, are reversible errors.

Error to judgment of circuit court of city of Richmond, rendered March 26th, 1885, in an action wherein John N. Gordon is plaintiff, and the city of Richmond is defendant. Under instructions given the jury, they found for the defendant, and the plaintiff obtained a writ of error and *supersedeas.* Opinion states the case.

*W. W. & B. T. Crump* and *Ro. Stiles*, for the plaintiff in error.

*C. V. Meredith*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The plaintiff in error, in passing along the street in the city of Richmond, fell and received serious injuries at a place on the sidewalk which he claimed to be out of repair and in a dangerous and neglected condition.  He thereupon brought his action for damages against the city, the declaration alleging the unsafe condition of the said place on Main street, and the negligence of the city in permitting it so to be, whereby the appellant sustained serious and permanent injuries, for which the city is liable.  On the first trial of the cause the jury failed to agree.  On the second trial the appellant asked for six instructions and the appellee asked for one, all of which the court refused to give, and gave one of its own.  The appellant excepted to the refusal of the court to give the instructions asked for by him, and to the instruction given by the court. Under the instruction of the court, given of its own motion instead of those asked for, the jury found a verdict for the city, defendant; and the court gave judgment upon the verdict, and dismissed the action, with costs against the appellant.  The bill of exceptions sets out the tendency of the evidence on each side, without setting it forth at length; but sufficient appears to show the relevancy of the instructions; and the one only question brought to this court by this appeal is the legal question arising out of the instructions refused and that given by the court.

The appellant asked the court to instruct the jury—

" 1st. That it is the duty of the defendant city to keep

its sidewalks in safe condition and free from defects and obstructions dangerous to persons passing along the same with ordinary care; and the defendant is liable to a person who sustains injury, without fault on his part, by reason of its neglect so to do.

"2d. And if the jury believe from the evidence that the sidewalk where the plaintiff was injured was uneven, out of repair or fit condition for any reason, and dangerous to persons passing along the same with ordinary care, and that the defendant, or its officers or agents knew, or ought to have known, of its condition, and that the plaintiff, in passing along the said sidewalk with such care as an ordinarily prudent man would have observed, fell thereon by reason of its defective condition, and was injured, then they must find for the plaintiff.

"3d. The plaintiff had the right to assume that the defendant would perform its duty in keeping the sidewalk in the declaration mentioned in safe and proper condition, and he was required to exercise only ordinary care in passing over the place where the accident occurred, unless he knew of its dangerous condition, or might have seen it by the exercise of the care ordinarily observed by the citizens in walking along the sidewalks of the city;—he was not required to anticipate danger, nor to be on the lookout for its existence.

"4th. The jury are instructed that the burden of proving contributory negligence is upon the defendant, if that defense is relied upon, and it may be proved by affirmative testimony, or may be deduced from all the evidence in the case; but the defense must be established by a preponderance of the evidence in favor of the defendant.

"5th. The court instructs the jury that it is the duty of the city to make and keep its sidewalks reasonably safe for public travel, and that if it fails in the discharge of this duty it is liable to persons sustaining injuries because

of such failure. And if the jury believe from the evidence that the sidewalk in question, where the plaintiff fell and sustained the injuries complained of in his declaration, was not in such reasonable repair, then they must find for the plaintiff the damages they believe him to have sustained, unless they shall also believe from the evidence that the plaintiff, by his own negligence or want of ordinary care and caution, so far contributed to the misfortune that but for such negligence or want of ordinary care and caution on his part the misfortune would not have happened.

" 6th. The court instructs the jury that the degree of care and caution required of the plaintiff in such cases would depend upon the degree of his knowledge and information concerning the defective or unsafe condition of the sidewalk in question."

These instructions, asked for by the plaintiff, are relevant to the evidence and correctly propound the law applicable to the case, and they should have been given to the jury, and the circuit court erred in refusing to give them. "To refuse relevant instructions which rightly propound the law, is error in the court below, for which the judgment must be reversed." 4 Minor's Insts., Part I. (1878), p. 875, citing *Pickett* v. *Morris*, 2 Wash. 255 ; *Brooke* v. *Young*, 3 Rand. 106 ; *Dimmett* v. *Eskridge*, 6 Munf. 311 ; *Wills* v. *Washington*, 6 Munf. 592; *Early* v. *Garland*, 13 Gratt. 9, 14 ; *B. & O. R. R. Co.* v. *Polly*, 14 Gratt. 468–9 ; *B. & O. R. R. Co.* v. *Laffertys*, 14 Gratt. 486–7 ; *Smith* v. *Carrington*, 4 Cranch, 62. It is the duty of a municipal corporation, which by its charter has the power, to keep its streets and sidewalks in safe condition, and this court has held that it is the duty of this defendant—the city of Richmond—so to do under its charter. The instructions numbered 1, 2 and 5 are in exact conformity with the decisions of this court in *Noble* v. *City of Richmond*, 31 Gratt. 271 ; and

*Orme* v. *City of Richmond,* 79 Va. (4 Hansbrough), 86; see also *Barnes* v. *District of Columbia,* 1 Otto, 540.

The fifth instruction also adopts the definition and limitation of the defense of contributory negligence as laid down by this court in *R. & D. R. R. Co.* v. *Morris,* 31 Gratt. 200; and in *R. & D. R. R. Co.* v. *Anderson's Adm'r,* 31 Gratt. 812.

The third instruction states the legal duty of a city to keep its streets in a proper and safe condition, and that the plaintiff was not required to anticipate danger or to be on the lookout for its existence, and had the right to assume that the defendant city had performed its duty; and this the court not only refused to give, or any equivalent of it, but actually instructed the jury that the test and measure of the care required of the plaintiff in walking the streets was his "opportunities of knowledge" of the condition of the sidewalks. In the case of *McGuire* v. *Spence,* 91 N. Y. 303, it was held that a citizen cannot be charged with negligence for not being on his guard against an unlawful and improper condition of the sidewalk, or for not looking for it, although it is visible; and, on page 305, the court, in that case, says: "He who approaches a railroad crossing approaches a place of danger, and he must look and listen, for he is bound to anticipate a possible harm. But one who passes along a sidewalk has a right to presume it to be safe. He is not called upon to anticipate danger, and is not negligent for not being on his guard."

The fourth instruction states the rule of law applicable to the evidence, as stated in the bill of exceptions—that the plaintiff's evidence tended to show not only the unsafe condition of the sidewalk, and full notice thereof to the proper authorities of the city, but also that "the plaintiff, while walking thereupon, in the exercise of reasonable and ordinary care, fell, by reason of such condition of the sidewalk, and without fault on his part." In the case of

*B. & O. R. R. Co.* v. *McKenzie,* 81 Va. 71, this court held the following instruction given by the court below to be correct: "The court instructs the jury that the plaintiff is presumed to have exercised due and proper care at the time of the wreck at which he was injured, and the burden of proving he was negligent is upon the defendant"; and Lewis, P., says: "If the defendant relied on the defense of contributory negligence, it was incumbent on it to prove it; and in the absence of satisfactory proof to establish such defense, the plaintiff must be presumed to have been without fault."

The sixth instruction is, we think, open to the objection that it states the rule of law applicable to the knowledge on the part of a citizen of the condition of the sidewalks or streets of a city too unqualifiedly and unfairly to the citizen; but it is certainly not open to objection when asked for by the plaintiff. The plaintiff is not required to be observant of the condition of the streets; he has the right to presume them to be in a safe condition. If he have knowledge of the bad condition of a highway, its use by him with that knowledge is not *per se* negligence, and does not impose on him the exercise of any extraordinary care. *Bullock* v. *New York,* 99 N. Y. 654; *County Commissioners* v. *Burgess,* 61 Md. 29; *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *Maultby* v. *Leavenworth,* 28 Kansas, 745; *Huntingdon* v. *Breen,* 77 Ind. 29.

The court, after refusing to give the foregoing instructions prayed for by the plaintiff, gave to the jury the following instruction of its own:

"The jury are instructed that they should find for the defendant, unless they believe that the sidewalk at the place where the accident to the plaintiff occurred was not in a reasonably safe condition for travel by pedestrians using reasonable and ordinary care. But if the jury shall so believe, and shall further believe that the accident to

the plaintiff was caused by such unsafe or dangerous condition of the sidewalk, they should find for the plaintiff, unless they shall further believe that at the time of the accident the plaintiff was not exercising such care and caution as an ordinarily prudent person, with his knowledge or opportunities of knowledge of the condition of the sidewalk, should have exercised for his own protection, and that by the exercise of such care and caution he would have avoided the accident, in which event they should find for the defendant."

This instruction is erroneous, and is so drawn as to be more likely to confuse and mislead the jury than to instruct them,—if, indeed, it be susceptible, after careful study and effort by a court or learned counsel, of being understood at all in relation to the evidence in this case. The object of instructions is to convey to the minds of the jury correct principles or rules of law applicable to the evidence which is before them. "Indeed, any instruction calculated to mislead the jury, whether it arises from ambiguity or any other cause, ought to be avoided; and if given, it will oblige the appellate court to reverse the judgment." 4 Minor's Insts., Part I., 1878, p. 876. This instruction given by the court, by its obscurity and prolixity, and its numerous alternations and hypotheses of possible belief, and shifting resultant of finding for either the plaintiff or the defendant, unless they believe that a specified thing was not so, and, cumulatively, unless they shall believe further that some other thing *was so*, is calculated to confound the jury. It misplaces the onus in the matter of contributory negligence, casting upon the plaintiff the burthen of proof throughout, and instructing the jury in the first line of the charge that they "must find for the defendant; unless," &c.; and cumulating the facts which they must believe before they can find for the plaintiff at all, and making the measure of care and cau-

tion required of a person walking the streets of a city to be "his knowledge or opportunities of knowledge" of their condition, thereby applying to the use of a public street or highway the doctrine applicable only to persons or employees engaged in dangerous occupations or service, the known and inevitable risks of which they are held to have considered and accepted in their contract of service.

The authorities go to the extent of allowing the jury to consider, among other facts of the case, proof of the actual knowledge which the plaintiff had of the unsafe condition of the place where he was injured; but *"opportunities of knowledge,"* as applied by this instruction in this case, would subvert the legal duty of cities to make and keep their highways safe, and place the onus and the responsibility of this great public necessity and obligation upon the habitues and visitors of the city. This instruction opens with the express charge, "The jury are instructed that they should find for the defendant, *unless they believe* that the sidewalk at the place where the accident to the plaintiff occurred was not in a reasonably safe condition," &c.; and continues, throughout, "but if they shall so believe," and "shall further believe," they should find for so and so "unless they shall further believe," &c., without ever, at any time, even in the beginning, instructing them that they are to found their *belief* upon the evidence. Under this instruction, the belief of the jury, in this case, may have been, and most probably was, derived from one or all of them being of the "many thousands of people who had safely passed over the said place while in similar condition for many years, and continued so to do in like safety."

"To use only the words 'If the jury believe,' without conveying to their minds that they are to found their belief on the evidence, is an objectionable way of giving an instruction." "Charging the Jury, Thompson," p. 88, § 62.

"A jury must base their verdict upon the facts as shown by the evidence introduced before them ; and it would be clearly erroneous for the court to instruct them in such a manner that they would be at liberty to believe certain facts, important to a proper decision of the issue, from any source other than the evidence." 77 Illinois, p. 309 ; 23 Illinois, p. 470.

For the foregoing reasons we are of opinion that the judgment complained of is erroneous, and must be reversed and annulled, and the case remanded to the circuit court with instructions to set the verdict aside and grant a new trial, and, if the evidence be the same, to give the instructions refused by the court, if asked for again by the plaintiff.

HINTON, J., concurred in reversing the judgment, but not in some of the positions taken in the opinion.

JUDGMENT REVERSED.