# Richmond.

## McCoull v. City of Manchester.

### December 13th, 1888.

1. MUNICIPAL CORPORATIONS—*Negligent Injuries—Instructions.*—Duties imposed by charter cannot be annulled by ordinance. Instructions that obstructions, whereby the injuries were done plaintiff, were building materials placed in street under such ordinance, and that the ordinance was a defence against his action, and relieved city from its charter-duty to keep its streets safe, and, where necessary, to have lights and signals to warn travellers of temporary and necessary danger, are erroneous.

2. IDEM—*Case at Bar—Instructions.*—Where plaintiff was riding his horse prudently, with others, along the principal street of defendant, when the horse struck a large pile of sand, fell, broke its neck and badly bruised the rider, the instruction asked at the trial by plaintiff, and quoted in the opinion, was proper, and should have been given.

3. IDEM—*Case at Bar—Notice—New Trial.*—Under the circumstances aforesaid, and where the defendant had express or implied notice of the obstructions;

HELD:

    The plaintiff's motion to set aside the verdict in favor of the defendant, should have been sustained, and a new trial granted.

4. DECLARATIONS—*Functions.*—A declaration which states a cause of action so that it could be understood by the party who is to answer it, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment, and which distinctly sets forth when, where, in what manner and under what circumstances the plaintiff was injured by the defendant's defaults, negligence and improper conduct, is sufficient. *Jones* v. *Old Dominion Cotton Mills*, 82 Va. 140.

Error to judgment of corporation court of city of Manchester, rendered May 7th, 1886, in the action of trespass on the case

wherein C. L. McCoull, Jr., was plaintiff, and the city of Manchester was defendant. At the trial instructions were offered by plaintiff, and were refused; and instructions were offered by defendant, and were given; and the verdict being for the defendant, the plaintiff moved that it be set aside as contrary to the law and the evidence, and that a new trial be granted; which motions were overruled; and the plaintiff excepted to all of these rulings, and brought the case here upon writ of error. Opinion states the case.

*Meredith & Cocke*, and *W. R. Meredith,* for plaintiff in error.

*W. I. Clopton,* for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record, that about one o'clock, on the night of November 2d, 1885, the plaintiff, C. L. McCoull, was prudently riding his horse, in company with others, along the principal street of the city of Manchester, when his horse struck a large pile of sand in the roadway, fell, broke its neck, and badly bruised the said McCoull. It was so dark at the time, that his friends and companions who, hearing his exclamation when the disaster occurred, came to his assistance, were in danger of riding over him, and had to strike several matches before they could discover him. Neither the street-lamp was lighted, nor was there any light, or barrier, or other danger signal before the pile of sand; which was thirty feet long, from thirteen to nineteen feet from the right hand curbstone, and from three to four feet deep.

The plaintiff instituted this action of trespass on the case, in the said corporation court of the city of Manchester, and filed his declaration setting forth the afore-mentioned facts, reciting and charging the duty and legal obligation of the city of Man-

chester, under its charter, to keep in good and proper condition its public highways and streets for the use and travel of persons driving and riding along and upon the same; and "whereas, on a certain night, to-wit: the night of the 2d day of November, 1885, there was, and had been for a long time previous thereto, in and partly across a certain street of said city, called Hull street, at or near the south corner of Fourth street, a pile of sand of a certain size, to-wit: running from the side-walk towards the middle of Hull street nineteen feet, running north and south thirty-two feet, with a depth in the middle of about four feet, and which was a partial obstruction to driving or riding in or along the roadway of said street; and whereas it was, and had been for a long time previous to the happening of the injuries hereinafter mentioned, the duty of the defendant (city) to have removed the said pile of sand; yet the said defendant, well knowing the premises, although in duty bound as aforesaid to keep said highway in safe condition and repair for the use of persons driving or riding upon and using the same, on a certain night, to-wit: the night of the day and year aforesaid, did not remove the said pile of sand, but negligently and wrongfully allowed the same to remain in said Hull street as aforesaid; whereby the plaintiff, then and there carefully riding a horse, unintentionally and unknowingly rode a certain horse, to-wit: a bay mare, into and upon the said pile of sand, thereby causing the said mare to break or dislocate her neck, and thereby killing the said mare, and thereby injuring and straining the shoulder of said plaintiff, which so remained a long time, and thereby rendering the said plaintiff partially insensible, to-wit: on the night of the 2d day of November 1885, to the damage of the said plaintiff of $500," etc.   To this declaration there was no demurrer or objection of any kind; the defendant pleaded "not guilty," joined issue upon it, and put itself upon the country, whereupon a special jury was obtained to try the case, which, after hearing the evidence and the instruction given by the court, rendered a verdict for the defen-

dant; upon which verdict the court rendered its judgment, after overruling the motion of the plaintiff to set the verdict aside and grant to him a new trial on the ground, that the verdict was contrary to the law and the evidence. To which action of the court the plaintiff excepted, as well as to the refusal of the court to give the instructions asked for by the plaintiff, and to the giving by the court of the instruction asked for by the defendant.

The court certified the facts proved as already set forth. A witness, Cox, who was one of the company riding with the plaintiff at the time of the accident, testified on the trial that, but for the exclamation of the plaintiff when his horse fell and he, fearing that he would be trampled under the horses' feet in the darkness, called out, he too, Cox, would have ridden into the sand pile, as his horse's hoofs were on the edge when he was warned. Another witness, I. D. Matthews, who lived in Manchester, testified that, on the night next after the accident, when there was the same absence of light, two wheels of his buggy struck the said sand pile, overturning the buggy and throwing himself and his sister out.

Captain Lipscomb, a witness for the defence, testified that he was the chief of police of the city of Manchester, and ex-officio city engineer; that he knew of the pile of sand being in Hull street a week or ten days before the killing of the plaintiff's horse, but did not think it necessary to report it, or to take any extra precaution with regard to it; that the street lamp diagonally opposite the pile of sand had been lighted before the 2d of November until twelve o'clock at night, the city's regulations only requiring them to burn until that hour, but after the accident of plaintiff and that of Mr. Matthews, he, of his own volition, had kept the lamp burning all night, until the completion of the work on Mr. Jones' house. The plaintiff introduced on his part the charter and ordinances of the city of Manchester, particularly the seventh section of the act of March 20th, 1874, in reference to streets and alleys, which gives the city of Man-

chester power "to close or extend, widen or narrow, lay out, graduate, curb and pave, and otherwise improve streets, sidewalks, and public alleys in the city, and have them kept in good order and properly lighted," etc. The defendant introduced on its part the following ordinance of the city of Manchester, chapter 28, sec. 7 : "A person engaged or about to be engaged in building, repairing, excavating, or making any improvements on a house or lot on which materials are to be used, or from which they are to be removed, may deposit such materials in that part of the street or public alley opposite his premises, or so much of the carriage-way as does not exceed one-half of the width thereof, so that the use of the gutter be not thereby obstructed. The council may, on being satisfied of the necessity therefor, grant a special permit in writing, authorizing more of the street to be used than hereinbefore mentioned, or authorizing the deposit to commence earlier or continue longer than is hereinafter provided. But, except by such permission, the deposit shall not be made, in case of small repairs, more than one day, nor, in other cases, more than three days before the work is commenced ; and the remains shall be cleanly removed, in a case of small repairs, by the end of the first day, and, in other cases, by the end of the third day next after that on which the work is finished," etc.

It was further proven that the pile of sand was a part of the building materials used in the construction of Mr. Jones' house, either by himself or his contractors, and that Mr. Jones owned the lot opposite the pile of sand and abutting on the said Hull street at the point where said pile of sand was placed, and that the said Jones was at the time engaged in building a brick house on said lot, and that said sand was necessary for and used for the construction of said house ; and that said pile of sand did not occupy more than half the width of the carriage-way of the said street, and did not obstruct the use of the gutter of said street. It was further proven that the width of the carriage-way of said street was forty feet, and of each sidewalk sixteen feet. Upon this state of facts, as proven by the evidence ad-

duced to the jury, the plaintiff asked the court to instruct the jury as follows: "That it is the duty of a municipal corporation to keep its streets free from obstructions; and that the passage of an ordinance does not relieve the city of liability for injuries resulting from the negligence of the city in failing to light said street so as to warn travellers of existing danger in the use of said way. A traveller is not required to walk his horse, but has a right to travel at such a rate as a man of ordinary prudence usually travels. In order to hold the city liable, it must have had notice which is either expressed or implied. If the obstruction is on a frequented street of the town, and been there ten days or two weeks, the jury may imply that the city had notice of the obstruction. If the jury believe from the evidence that one of the city officers, who is the chief of police, had notice before the accident of the obstruction, that is express notice to the corporation.

"Even if there is an ordinance of the city allowing a builder to put sand in the street, yet if the jury believe from the evidence that it was necessary in such case to safe traveling that there should have been a city lamp lit at the corner of Fourth and Hull streets to warn travellers of this existing danger, they are instructed that the failure of the city to have such light at the time plaintiff passed by, is negligence. The court further charges the jury that the city was responsible and liable in damages to any individual who suffers any special damage, caused by the streets being left in an impassable condition, where, by ordinary prudence and caution, he could not foresee and avoid the injury occasioning him damage. When public streets in this city are left in an impassable or dangerous condition to the traveling public, and no means or precautions are taken to warn the public of the danger, or to prevent them from running upon it, unless the person sustaining the injury has notice of the danger and suffers in consequence of his own negligence, and from the want of ordinary caution and prudence, the city is liable for the damage sustained."

But the court refused to grant the aforesaid instructions, or

any one of them ; and, upon the motion of the defendant, in lieu thereof instructed the jury "that if they believe from the evidence that, in accordance with the following ordinance of the city of Manchester, 7th section of chapter 28, revised ordinances of the city, ' A person engaged, or about to be engaged, in building, repairing, excavating, or making any improvements on a house or lot on which materials are to be used, or from which they are to be removed, may deposit such materials in that part of the street or public alley opposite his premises, or so much of the carriage way as does not exceed one-half of the width thereof, so that the use of the gutter be not thereby obstructed, the council may, on being satisfied of the necessity therefor, grant a special permit, in writing, authorizing more of the street to be used,' etc., etc. ; that the pile of sand in the declaration complained of as the obstruction which caused the injury to the plaintiff in the declaration claimed, was placed in Hull street by one A. C. Jones, or his contractors, and that he, the said Jones, was then and there engaged in building a house on his lot, which abutted on the street at the point at which the injury occurred, and that the said sand was necessary and used for said building as building material, and that the said pile of sand did not occupy more than one-half of the roadway, nor obstruct its street so that travelers could not pass, then the city of Manchester is not responsible for the injury, and the jury must find for the defendant."

There is no demurrer to the declaration in the record, and it states a case clearly within the rule laid down by this court in *Jones* v. *Old Dominion Cotton Mills,* 82 Va. 140, in which Richardson, J., delivering the opinion of the court, says the declaration states " a cause of action so that it could be understood by the party who is to answer it, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment." "It certainly does state and distinctly set forth when, where, in what manner, and under what circumstances, giving ample details, the plaintiff was injured by the default, neg-

ligence, and improper conduct of the defendant's servant. This is all that seems necessary to fulfill the office of a declaration." See *Whittington's Adm'r* v. *B. & O. R. R. Co.*, 30 Gratt. 810. The declaration in the case under review states the time when the accident occurred, the place where it occurred, and the manner and circumstances of its occurrence, and alleges that the defendant city negligently and wrongfully allowed the pile of sand to *remain* in the street. It says nothing about how, or by whom, or under what authority it was *put* there, but charges that it was negligently and wrongfully permitted by the city to *remain* there. The proof was, that it was allowed by the city, with the full knowledge of its chief of police, without lights in the street lamps, and without barriers, or any kind of danger signals; and that, by this default and negligence of the defendant city, the plaintiff was injured, without fault or negligence on his part, by the falling and killing of his horse under him, and his own serious hurt, caused by a pile of sand *thirty feet long*, fifteen or more feet wide, and four feet deep, occupying one-half of the main street, without lights, barriers, danger signals, or anything to warn the traveling public, in a dark night, of the obstruction in the highway.

Upon the facts charged in the declaration, and certified by the court to have been proved in the cause, the instructions which were asked for by the plaintiff and refused by the court correctly expounded the law as to the legal duty of municipal corporations to keep their streets in a safe condition for the use of the public, and their liability in damages at the suit of an individual who sustains injury by reason of their neglect so to do ; and the corporation court of the city of Manchester erred in refusing to give them to the jury. See *Noble and Wife* v. *City of Richmond*, 31 Gratt. 271; *Sawyer* v. *Corse*, 17 Gratt. 230; *City of Richmond* v. *Courtney*, 32 Gratt. 798; *Orme and Wife* v. *City of Richmond*, 79 Va. (4 Hansbrough) 86 ; *Gordon* v. *City of Richmond*, 83 Va. 436.

The instruction which was asked for by the defendant city

and given by the court is wholly erroneous. The defendant city pleaded its own ordinance allowing building materials to be put in the streets, and setting forth that the pile of sand which had caused the injury was being used at the time by the contractor for building purposes; and the court instructed the jury that the existence of the ordinance was a complete and absolute defence to the city itself, and relieved it from all amenability to the law which requires it to the duty to keep its streets and highways in safe condition for the use of the public; and, where necessary (as in this case), to have a light, or barrier, or other signal to warn travelers of the temporary and necessary danger in the street. The duties and liabilities imposed by its charter for the safety of the public cannot be abrogated or dispensed with by an ordinance of the city council; and reason and public policy supplement the law in holding the city responsible for the neglect or omission of due diligence in the discharge of their charter duties.

The corporation court erred in overruling the motion to set the verdict of the jury aside and to grant a new trial; and the judgment complained of is wholly erroneous and must be reversed and *annulled,* the said verdict be set aside, and the case will be remanded to the corporation court of the city of Manchester for a new trial, with directions to give the instructions in the record asked for by the plaintiff if the evidence shall be the same.

JUDGMENT REVERSED.