Elizabeth Chabot vs. Joaquin M. Andre.

Robert Chabot vs. Same.

JUNE 27, 1932.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Hahn, J. These are actions of the case for negligence brought by a husband and wife for damages direct and consequential arising from injuries sustained by the wife through being struck by a truck driven by defendant's servant. The cases were tried together and verdicts returned for the plaintiffs, and are here on defendant's exceptions as follows: to the admission of testimony, to the refusal to direct verdicts for the defendant, to the refusal to instruct as requested, to certain instructions to the jury and to the denial of defendant's motions for new trials.

The accident occurred on Pitman street near Butler avenue in the city of Providence. Mrs. Chabot testified that just before she left the northerly curb of Pitman street, a little below Butler avenue, to cross to the southerly curb she looked east and west a distance of five or six hundred feet along Pitman street; that, as she saw no car approaching, she proceeded to cross Pitman street diagonally toward the Colored Worsted Mills; that when about four feet from the southerly curb of Pitman street she was struck in the back and knocked down by the defendant's truck.

The defendant's driver, one Pereira, testified that he turned from Gano street into Pitman street, several hundred feet from the scene of the accident, and proceeded east

thereon until about 10 or 15 feet from the beginning of the intersection of Pitman street and Butler avenue, when he first saw Mrs. Chabot about 6 feet from the northerly curb of Pitman street crossing with her back toward him; that he was proceeding at about 15 miles per hour; that when he reached the intersection she was still 10 or 15 feet away from him; that he blew his horn and shouted but she paid no attention to him and ran into the left front of the truck and was knocked down. His testimony was contradictory in regard to when he first applied his brakes, what were the relative positions of Mrs. Chabot and the truck before the accident, and what part of the truck struck her.

The defendant's witness Venvides, who was walking east on Pitman street, testified that the truck had room to pass to the left of Mrs. Chabot.

The weight of the evidence establishes the fact that Mrs. Chabot did not walk into the truck. All witnesses testified that she was walking diagonally away from the truck and much of the testimony is to the effect that she was nearly across the street—within 5 feet of the curb, so that it was physically impossible for her to have been struck by the left fender of defendant's car. From the physical facts it appears that she was struck by the front of the truck. She states that the machine hit her in the back, and the medical testimony as to her injuries corroborates this statement.

It appears from the testimony of the defendant's driver that when he first saw the plaintiff he observed that her back was toward him and that she was proceeding rapidly across the street. We think it was a question for the jury on all of the evidence whether, from the time that he saw the plaintiff and observed that she was unaware that his truck was approaching her from behind and that the probabilities were that she would not protect herself, he did what an ordinary prudent person would have done under the same circumstances to avoid the injury.

In *Belliveau* v. *Bozoian*, 46 R. I. 83, it was stated that "it is negligence for a driver of a vehicle upon a public high-

way to recklessly run upon a pedestrian who is standing or walking with his back toward him."

In 45 C. J. 992, the rule governing this phase of the doctrine of the last clear chance is stated as follows: "But where the peril is so imminent that to a person of ordinary prudence the infliction of injury seems probable if proper effort on the part of defendant to avoid it is not made, the rule permitting recovery is applicable." In the instant cases the question of negligence was rightly submitted to the jury.

The exceptions to the refusal of the trial court to direct verdicts for the defendant are overruled.

In regard to the defendant's exceptions to the denial of his motions for new trials, the evidence was conflicting and the questions of fact presented were within the province of the jury to decide. The jury found for the plaintiffs, and the verdicts have been approved by the trial justice who had the same opportunity as the jury for observing the witnesses. Under the rule enunciated in *Wilcox* v. *R. I. Co.*, 29 R. I. 292, the exceptions to the refusal to grant said motions are overruled.

An examination of the transcript discloses no error in the trial court's rulings upon the evidence.

The charge of the trial court substantially covered the defendant's requests to charge and was a fair statement of the law applicable to the evidence in these cases.

All the defendant's exceptions are overruled and the cases are remitted to the Superior Court for the entry of judgment on the verdicts.

*Comstock & Canning, Edward M. Brennan, George A. Johnson,* for plaintiffs.

*Peter W. McKiernan, John C. Going, Ernest L. Shein,* for defendant.