241 A.2d 298.

HELEN GOLDIS *vs.* GWENDOLYN R. FAIRCHILD.

APRIL 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to recover damages for personal injuries and to property resulting from the alleged negligent operation of an automobile by the defendant. The case was tried to a superior court justice and a jury which returned a verdict for the defendant. Judgment was entered accordingly. Within ten days, pursuant to Rule 59 of the superior court rules of civil procedure, plaintiff filed a motion for a new trial on the usual grounds, which motion, after hearing, was denied. From the order denying plaintiff's motion, she seasonably appealed to this court as authorized by the provisions of Rule 73 of said rules. In her oral argument and brief, however, she makes no contention regarding the trial justice's decision on her motion for a new trial. Rather, she assigns as error in support thereof two evidentiary rulings made by the trial justice to which objection was duly made and to his refusal to instruct the jury as requested, timely objection having been made thereto.

At or about 5:15 in the afternoon of July 20, 1965, plaintiff was operating her automobile northerly on Butler Avenue, a public highway in the city of Providence. As she approached the intersection of Waterman Street, the traffic signal for northbound traffic on Butler Avenue turned red and plaintiff brought her automobile to a stop south of the pedestrian walk of the intersection. She testified that when the light turned green for her, she looked to her left, noticed that the two lanes of eastbound traffic on Waterman Street had stopped so she started forward. It is also her testimony that while three-fourths of the length of her car was still in Butler Avenue, it was struck at the left front fender by a car being operated by defendant.

It is defendant's testimony that she was proceeding in the right-hand lane of easterly bound traffic on Waterman Street in a line of traffic moving at approximately 25 miles an hour; that the traffic signal for her was green until she was a car length from the intersection of Butler Avenue when it turned amber; and that she continued through the intersection—apparently believing that she had time to get through before the light turned green for northbound traffic on Butler Avenue. She further testified that she was three quarters through the intersection when the light changed and plaintiff's car struck defendant's car toward the rear, sending it into a clockwise spin so that it came to a halt facing westerly toward downtown Providence.

It is to be noted that the signal light for Waterman Street traffic turns from green to amber to red and from red to green for Butler Avenue traffic. Thus, when the light turned from green to amber for defendant it was still red for plaintiff.

After the cars had come to a stop, both operators alighted and exchanged comments. Their testimony as to what was said is in sharp conflict. Each testified that the other admitted fault and each denied the correctness of the other's testimony. In any event, the jury returned a verdict for defendant.

After plaintiff had testified in rebuttal, she was asked in cross-examination if she had used the particular route frequently before the day of the accident, and replied that she had. She was then asked, "It is always rather difficult isn't it, for a person traveling northerly on Butler Avenue to get across Waterman because of traffic coming down Butler Avenue turning left into Waterman Avenue?" Counsel for plaintiff objected but the trial justice permitted the question to stand. The plaintiff then replied, "At times it is difficult, you just have to wait."

Counsel for defendant then asked, "Either wait or try to hurry through, isn't that true?" Counsel for plaintiff

again objected. The record indicates that as to this objection the trial justice made no ruling, but plaintiff replied, "I don't hurry through."

It is plaintiff's contention that in permitting this line of cross-examination the trial justice committed error so prejudicial as to warrant a new trial. She does not deny that the scope of cross-examination is within the discretion of the trial justice and that his exercise thereof will not be disturbed by this court except for clear abuse, and then only when such abuse works to the prejudice of the objecting party. *Atlantic Refining Co.* v. *Director of Public Works,* 102 R. I. 696, 233 A.2d 423.

In the instant case, however, plaintiff argues that the questions objected to were hypothetical in nature, being addressed to a circumstance of which there was no evidence. When viewed in light of the relevant evidence upon which the jury might properly pass, plaintiff contends, it becomes apparent that the purpose of the protested line of cross-examination was to suggest to the jury that plaintiff was concentrating on southbound traffic across the intersection and hurried into the intersection without regard for Waterman Street traffic on her left. Assuming such to have been the purpose of the questions and further assuming that plaintiff's objection should have been sustained, we do not perceive that plaintiff was prejudiced in light of her answers to the questions. She had been asked without objection regarding her familiarity with the route she was traveling and indicated that she was aware of the traffic patterns. Then asked the so-called hypothetical question she pointedly replied that there were times when one had to wait for southbound traffic turning left on Waterman Street. When the suggestion was made to her that the alternative to waiting was hurrying, she replied that she never hurried. It seems to us, therefore, that defendant's efforts to plant an unwarranted suggestion in the minds of

the jury, although questionably allowed, did not result in prejudicing the case.

The plaintiff's remaining assignment of error rests on the trial justice's denial of her request to instruct the jury as follows: "I charge you that if you find as a fact that Gwendolyn K. Fairchild did not see and observe Helen Goldis's vehicle as quickly as she should have under the circumstances this is evidence of Gwendolyn Fairchild's negligence."

She argues that the instruction requested should have been given as being properly applicable to defendant's own testimony regarding her conduct as she approached and entered the intersection. The defendant testified in this regard that she was watching the cars in front of her; that she did not look to her right before she entered the intersection; and that she did not see plaintiff's car until the collision occurred. Taking defendant at her word, therefore, plaintiff contends the requested instruction was appropriate under the rule enunciated in *Keenan* v. *Providence Journal Co.*, 52 R. I. 54, 157 A. 302, and *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, 193 A. 622.

We have carefully read the cited cases and are in full accord with the relevant conclusions for which they stand. We are unable to agree, however, that they are of assistance to plaintiff here.

It is academic that a trial justice is required to instruct the jury as to the law that is applicable to the facts as the jury may be warranted in finding them, and his failure to do so, if objection be timely made, constitutes grounds for a new trial. See *Smith* v. *Carrington*, 8 U. S. 62, 4 Cranch 62, 2 L. Ed. 550. He will not be faulted, however, if failing to instruct exactly as requested, it is clear that the instruction as given states the correct rule of law and substantially conforms to the instruction requested. *Chabot* v. *An-*

*dre,* 52 R. I. 399, 161 A. 128; *Budwee* v. *New England Motors, Inc.,* 99 R. I. 663, 210 A.2d 131.

Although failing to instruct precisely as requested, the trial justice in the case at bar expressly charged, " 'I charge you that a driver of an automobile intending to cross an intersection should not only observe the laws of the road including all pertinent traffic regulations and should look where looking is efficient, and take into consideration the circumstances attending at the time and the distance and speed of other vehicles approaching the same intersection. A driver must look in a careful and efficient manner in which one of ordinary prudence in like circumstances would look in order to ascertain the existing conditions for his guidance.' "

When the requested instruction and the quoted excerpt from the trial justice's actual charge are considered side by side, it becomes readily apparent that no prejudice inhered to the plaintiff by reason of the trial justice's failure to instruct precisely as requested.

The appeal is denied and dismissed. Judgment affirmed.

*Leonard Decof, Charles A. Hirsch,* for plaintiff.

*Jordan, Hanson & Curran, Kirk Hanson,* for defendant.