274 A.2d 431.

HARVEY W. PERRAULT *et ux. vs.* ERIC HANSON *et al.*

MARCH 3, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

248

ROBERTS, C. J.  This civil action was brought to recover for injuries alleged to have been sustained by the plaintiffs in a collision between two motor vehicles on Route 102 in Burrillville, Rhode Island, on December 25, 1966.  The case was tried to a justice of the Superior Court sitting with a jury, and thereafter a verdict was returned for the defendants.  Subsequently, the plaintiffs' motions for a new trial were denied, and they are now in this court pressing an appeal.

There is undisputed evidence that the collision occurred about 11 p.m. on Christmas night while a rather severe snowstorm was in progress.  Testimony adduced through defendants was to the effect that defendant Eric Hanson was operating a car owned by defendant Elsie S. Hanson, in which Carol Saltonstall was a passenger, along Route 102.  He testified that his car began to develop engine trouble and stalled and that after the third stall he pulled over to the right, close to the guardrail, and left his parking and taillights on.

The plaintiffs, on the other hand, testified to the contrary.  They testified that they were proceeding northward along Route 102 and that their visibility was considerably lowered by the snowstorm.  The plaintiff husband testified that he was driving carefully, using the dividing line in the center of the highway as a guide.  He further testified that he started to proceed up a slight grade in the road when he saw the Hanson car standing in the

middle of the road close to the white line. The car, according to plaintiff, loomed up before him and its lights were not lit.

The plaintiffs requested that the court, in charging, read to the jury the provisions of G. L. 1956, §31-24-33. This statute provides for the lights with which a motor vehicle must be equipped when parked during the hours of darkness on an unlighted roadway or a shoulder thereof. The statute further provides for the color of such lights and for the distances at which they must be visible. The trial justice did not in his charge read the statute to the jury, and plaintiffs claim that this constituted prejudicial error.

It is fundamental that the failure of a trial justice to instruct a jury exactly as requested by one of the parties will not be held to constitute prejudicial error, if it is clear that the instruction given the jury stated the correct rule of law and substantially conformed to the instruction requested. *Goldis* v. *Fairchild,* 103 R. I. 746, 241 A.2d 298; *Budwee* v. *New England Motors, Inc.,* 99 R. I. 663, 210 A.2d 131. While there is evidence in the record that Route 102 was an unlighted highway, there is no evidence that the Hanson vehicle was not equipped in accordance with the provisions of the statute. However, because it may be implied from the statute that the prescribed lights must be lighted when the car is parked or stopped on an unlighted highway during the prescribed times, it may be that by implication the statute requires that such lights be lighted during the prescribed period.

The issue in this case, however, is whether defendant-operator was negligent because of the position on the highway in which he left the car standing after it stalled and whether he took sufficient measures, having reasonable time to do so, to warn other traffic of the danger. The testimony on these issues was in conflict. The defendant testified that, after the car stalled, he pulled over to the

shoulder of the road and that the parking lights on the car were lit. He did not, however, testify that he took any action to warn oncoming traffic. On the other hand, plaintiffs testified that they were driving along the center line of the road, going up a slight grade, when suddenly the Hanson car, unlighted, loomed up before them.

The trial justice, in substance, charged that if defendant's car was standing out in the highway near the mid line thereof and was unlighted, the jury should consider that as evidence of defendant's negligence. He charged also that the jury could consider on the question of defendant's negligence whether, knowing that the car was in a position to constitute a hazard to other traffic and having reasonable time to do so, defendant failed to take any action to warn other traffic of the peril. He further charged that in such circumstances the jury should find defendant guilty of negligence. He charged, in addition, that if the jury found that defendant's car was not in a position creating a hazard for traffic and that its lights were lighted or that he was without a reasonable opportunity to attempt to warn other traffic, the jury could find in defendants' favor.

It is our opinion that these instructions adequately stated the law on issues raised by the evidence introduced during the course of the trial. The relevance of the statute to those issues is questionable, in our opinion, and we cannot escape concluding that a reading of the statute as requested by plaintiffs might well have confused and misled the jury. In all of these circumstances we find no prejudicial error in the denial of the request to read §31-24-33 to the jury.

The plaintiffs further contend that the trial justice erred in denying their respective motions for a new trial. We have examined the decision of the trial justice on these motions and cannot say that he failed to perform the duties required of him on such motions as set out in *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836. Neither have they

persuaded us that he overlooked or misconceived any material evidence on a controlling issue or was otherwise clearly wrong, it being the burden of the one who challenges the decision of a trial justice on a motion for new trial to so do. *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305. In short, the plaintiffs have failed to establish either that the trial justice failed to perform those obligations imposed upon him by a motion for new trial or that, in reaching his decision, he overlooked or misconceived material evidence on a controlling issue. No error inhered in the action of the trial justice in denying these motions for new trial.

The plaintiffs' appeal is overruled, and the judgments appealed from are affirmed.

*Irving I. Zimmerman,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.,* for defendants.