GEORGE M. NICHOLSON, APPELLEE, V. CITY OF SOUTH
OMAHA, APPELLANT.

FILED DECEMBER 7, 1906. No. 14,508.

1. **Cities:** ACTION FOR DAMAGES. Section 107, ch. 17, laws 1903, does
not require the presentation to the city council of a claim for
damages for a personal injury sustained in consequence of a
defective street or sidewalk of the city, and an appeal from the
action of the council thereon. An original action may be main-
tained therefor in the district court.

2. **Negligence:** QUESTION FOR JURY. It is not the plaintiff's knowledge
of the defect in a walk or street that precludes his recovery, but
his want of such care as a prudent man would exercise in view
of the danger. This is usually a question for the jury.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JR., JUDGE. *Affirmed.*

*W. C. Lambert* and *S. L. Winters,* for appellant.

*T. J. Nolan, contra.*

DUFFIE, C.

The plaintiff and appellee, George M. Nicholson,
brought this action against the city of South Omaha to
recover damages alleged to have been sustained on Oc-
tober 31, 1903, in consequence of the defective condition
of a sidewalk extending along the east side of Thirteenth
street between M and N streets in said city. A verdict was
returned in favor of the plaintiff below for $500, and from
a judgment entered thereon the defendant city has ap-
pealed. It is one contention of the city that the court
had no jurisdiction to try the case; that by the provis-
ions of section 107, ch. 17, laws 1903, the claim was one
which had to be presented to the city council for its action,
and an appeal taken from the finding of the council to
the district court if the claimant was not satisfied with
the amount allowed him. A construction of that section

is not free from difficulty, but careful consideration of the question leads us to believe that the claimant might reach the district court by an original action commenced therein and was not driven to taking an appeal from the action of the council. So far as necessary to an understanding of the question involved, the provisions of the section are as follows: "All claims against a city, including unliquidated claims for damages to person or property, must be presented in writing, with a full account of the items, verified by the oath of the claimant, his agent, or attorney, that the same is correct, reasonable and just, and no claim shall be audited or allowed unless presented and verified as provided for in this section and read in open council. All claims against a city must be filed with the city clerk, and when the claim of any person against the city is disallowed in whole or in part by the city council, such person may appeal from the decision of said city council to the district court of the same county by causing a written notice to be served on the city clerk of said city within twenty (20) days after making such decision." Then follows provisions for taking the appeal and getting the record into the district court. After providing the steps necessary to an appeal, the section continues: "No city shall be liable for damages arising from defective streets, alleys, sidewalks, public parks, or other public places within such city, unless a notice in writing of the accident or injury or damage complained of, with a statement duly verified, by the claimant, his agent, or attorney, setting forth the nature and extent of such injury or damage, and of the time when and the place where the same occurred, shall be proved to have been filed in the office of the city clerk within twenty (20) days of the date of the injury or damage complained of, and it is hereby made the duty of the clerk to keep a record of such notice showing the time when and by whom such notice was given and describing the defect complained of, and report the same to the city council at its next meeting: Provided, that in all cases of claims for

injuries to the person, the person claiming to have been injured shall, at any time after giving notice of such injury, be subject to a personal examination by the city physician and such other physician as the city attorney may designate, or by either of them, for the purpose of ascertaining the extent and character of the alleged injury, and a refusal to submit to such examination shall bar any action and all right to recover damages thereon against the city. All actions against such city for damages or injury to person or property hereinafter sustained by reason of the negligence of such city must be brought within six (6) months from the date of sustaining the same."

Relating to claims founded on contract, express or implied, whether the damages be liquidated or unliquidated, the presentation of such claims to the city council for its action, and an appeal therefrom, is clearly contemplated by the first part of the section. So, too, we think that on claims sounding in tort, in those cases where the claimant might maintain an action against the city at common law, a presentation to the city council, and an appeal from its action, is the only way of reaching the district court. The latter part of the section, however, seems to contemplate that class of actions not known to the common law and given to a party by statute, viz., damages for personal injuries arising from the neglect of the city to keep its streets, alleys, sidewalks, public parks or other public places within the city in proper repair and safe condition for use by the public. So far as this class of actions is concerned, there is no doubt that, in order to recover, the claimant must bring himself within every provision of the statute giving him a right of action. The common law did not recognize such a claim. The legislature, in giving a right of action therefor, may impose upon the injured party any condition which it thinks proper. One condition is that he shall, within 20 days, give notice in writing to the city council of the nature and extent of his injuries, and of the time when and the place where the

injury occurred.   Another is that he shall submit himself
to an examination by the city physician or a physician
named by the city attorney; and a third is that his action
for damages shall be instituted within six months.   It is
a general rule in the construction of statutes that each
of its provisions shall, if possible, be given effect.   There
is no need of limiting the time within which an action
must be commenced, if the only way of reaching a court is
by appeal from the city council; and it is hardly permis-
sible to say that a statute limiting the time for commenc-
ing an action does not contemplate a right to bring an
action by the party thus limited.   It seems to us that the
statute contemplates two classes of claims: One where
action must first be had by the city council and an ap-
peal taken by the claimant, if not satisfied with the al-
lowance made; and the other for damages sustained in
consequence of negligence on the part of the city for fail-
ure to keep its streets and other public places in proper
repair, in which cases the injured party may commence
directly in the courts of the state, first giving notice of
the time, place and extent of his injury.   This conclusion
is somewhat strengthened by the general rule that the
jurisdiction of superior courts cannot be taken away, ex-
cept by express words or by necessary or irresistible im-
plications.   23 Am. & Eng. Ency. Law (1st ed.), 406, 407,
and cases cited.   Another circumstance, while not of con-
trolling weight, leads to the same conclusion.   At the next
session after the enactment of the section in question, the
legislature, with the evident purpose of making plain the
proceedings to collect claims against the city, amended
the section so that it now reads: "All claims and de-
mands against the city, whether of contract or in tort,
must be presented in writing and filed with the city clerk
thereof.   When disallowed, in whole or in part, the city
clerk shall notify the claimant in writing, his agent or at-
torney, within five days thereafter.   The notice may be
served by any sheriff or his deputies, by any policeman or
constable, and if the claimant is a nonresident, the clerk

shall notify him by mail. The claimant may appeal from the order or decision of the city council by causing a written notice to be served upon the city clerk within twenty days after the order or decision, of his intention to appeal." The statute then defines the steps necessary for perfecting the appeal, and provides for an appeal by a taxpayer of the city who thinks the allowance too large. It is then further provided as follows: "All claims and demands against the city, except those for damages to property, or for the taking of property for public purposes, and those for injury to the person or property on account of negligence and those for fixed salaries and compensation of the officers and employees of the city, must be presented as aforesaid giving a full, and correct account of the items sworn to by the claimant, his agent or attorney, that the same are full, correct, complete, reasonable and just." Laws 1905, ch. 20, sec. 107.

It will be observed from this reading of the statute as amended that claims for the taking of property for public use and those for injury to the person or property on account of negligence are not required to be presented to the city council, and that original action may be brought against the city in the district court notwithstanding the broad language of the first part of the statute requiring all claims and demands, whether of contract or in tort, to be so presented. The uniform course of legislation in this state has been to allow original suits to be brought against municipalities in cases of personal injury, and we cannot now call to mind any act of the legislature denying to one having a cause of action against a municipality for a personal injury received the right to institute an action in court for his damages without first presenting his claim to the governing body of the municipality for allowance. The right of one suffering from a personal injury to present his claim to the city council for allowance cannot be disputed, and if he does so, then, in order to recover a greater amount than allowed by the council, he must, under the statute now in force, proceed by way of appeal to the

district court.    Relating to such procedure the statute
now reads: "When any such claim is disallowed, in whole
or in part,    *    *    *    the claimant may appeal from the
order of the council in the manner hereinbefore provided;
and failing to appeal as hereinbefore provided, he shall
not be entitled to recover thereon in any court on any
claim, an amount in excess of the allowance made him by
the council."    This clause of the statute clearly recognizes
the right to commence an original action in the district
court after a claim has been disallowed in part, but limits
the recovery to the amount allowed by the council.  If the
claimant prefers a judgment of the court rather than an
order of the council allowing his claim, the statute, we
think, still contemplates his right of action to recover such
damages as he may prove, not, however, exceeding that al-
lowed by the council; his only advantage being to change
his claim against the city to the form of a judgment instead
of an allowed claim.

A second claim made by the city is that the plaintiff
himself was negligent, and that contributed directly to
his injury.    The accident happened in the evening after
dark.    There was no street light in the near vicinity of the
place where the accident is claimed to have occurred.    The
plaintiff is an old man and somewhat enfeebled.    The evi-
dence for the plaintiff shows that the walk had been de-
fective for some months.    It shows, further, that the plain-
tiff himself knew of the defective condition of the walk,
and had passed it on numerous occasions, as it was the
only passable way to reach the city from the place of his
residence during bad weather and a muddy condition of
the ground.    He frankly states that on the night in ques-
tion he was not thinking of the dangerous condition of
the walk at the time he approached it, that his mind was
absorbed by a matter of business upon which he had been
engaged during the day and which he was anxious to con-
clude.    He does not claim that his attention was diverted
by any passing object or by anything taking place which
distracted his attention.    Under this state of the evidence

the city asked the following instruction: "You are further instructed that the testimony of the plaintiff shows that at the time of the alleged injury he was not thinking of the defect in the sidewalk, and was making no effort to avoid stepping therein; that his attention was not elsewhere attracted by any object or circumstance, but was simply occupied by his own thoughts, and that he was not deceived or misled by darkness as to the whereabouts of the defect; that the plaintiff was at that time not using the care and caution required of him, and that he was guilty of contributory negligence and is not entitled to recover in this case, and your verdict will, therefore, be for the defendant."

We think this instruction assumes as a fact one element that was not clearly shown and which was properly left to the jury. It is not at all clear, as stated in the instruction, that the plaintiff was not deceived or misled by darkness as to the whereabouts of the defect. On his cross-examination the question was plainly put to him whether he could have seen it if he had been thinking about it, and his answer is: "It was dark; I do not know." The fifteenth instruction of the court gave to the city every advantage to which we think it was entitled regarding the plaintiff's knowledge of the condition of the walk and the care required of him to avoid an injury. As stated in many cases, it is not the plaintiff's knowledge of the defect in a walk or street that precludes his recovery, but it is his want of such care as a prudent man would exercise in view of the danger. This is usually a question which must be left to the jury, and it is only in a clear case that the court will, as a matter of law, direct a verdict in consequence of contributory negligence on the part of the plaintiff. The case appears to have been carefully and fairly tried, and, while we would not have been dissatisfied with a verdict for the defendant, we cannot say that any errors of law prejudicial to the city are shown by the record.

We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.