JUAN MAMERTO QUIÑONES, ETC., Plaintiff and Appellee, v. JOSÉ ENRIQUE COLOM ET AL., Defendants and Appellants.

No. 10191.   Argued June 9, 1950.—Decided June 22, 1950.

*Oscar Souffront* for appellants.   *Luis Ángel Limeres* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

A young girl sixteen years old, Carmen Isabel Quiñones, represented by her father with *patria potestas*, filed this suit to recover the damages which she alleges she sustained upon receiving certain injuries, according to her, through the fault and negligence of the defendant, José Enrique Colom.

On or about December 4, 1947 this defendant, an experienced civil engineer and contractor, was engaged in laying out, for the Puerto Rico Aqueduct and Sewer Service, a certain pipeline, four inches in diameter, to carry water from the aqueduct of San Germán to the place known as Trujillo in the same municipality. During the prosecution of this work he found it necessary to dig a ditch forty centimeters deep by forty centimeters wide, along a shoulder of the road. The dirt dug from the ditch was thrown on the side of the ditch nearest to the axis of the road. Once the pipeline was laid, the ditch was covered with the same dirt dug therefrom. A retaining wall ran alongside the edge of the road where the pipeline was laid, as a protection against landslides, since that public road was at a higher level than the surrounding land. After the ditch was covered, a "hogback" about four inches high was left on top thereof, dirt and gravel being, as indicated by the court, "strewn over the wall, either because the 'hogback' partly disintegrated or because the dirt and gravel which could not go into the open and later filled-in ditch, slid on top of the wall".

Plaintiff's house was located near the road at a lower level, forcing her, in order to enter and leave her house, to go over the "hogback" in order to reach the surface of the retaining wall, and go down a stairway formed by a small concrete bridge, apparently two feet wide, embedded in the retaining wall on one side and leaning on the other side against a small concrete wall supporting a couple of steps

also of concrete, which make up the stairway. On each side and under the small bridge, there is a gutter or trench more than three feet deep.

On the aforesaid date, and around noon, the plaintiff was returning home from school. She walked over the "hog-back" without any difficulty and once on the retaining wall, she stepped on a loose stone which made her slip and fall from the wall to the gutter, injuring her leg, from which injuries she had completely recovered on the date of the trial.

On the basis of these facts, the lower court rendered judgment in favor of the plaintiff on the ground that the contractor's negligence was the proximate cause of the accident. In support of its finding, the lower court said:

"According to the evidence of the defendants themselves, the work performed by the contractor at the place of the accident had been completed. The contractor was therefore bound to remove any obstruction on the road which might cause or bring about an accident. This is especially so if we bear in mind the inherent difficulty and danger involved in trying to go from the road toward the house of the injured minor through the narrow bridge and stairway thereat, without any hand-rails or protection of any sort, which condition was known by the contractor because it was openly visible to him. It was the contractor's duty, inasmuch as he was leaving a hogback four inches high near the edge of the retaining wall, to remove any debris, dirt and loose stones which might hinder the free coming and going through that place to the neighbors who had to travel thereby.

"The fact that the injured minor was aware of the work under construction there does not relieve the contractor of liability. The latter insisted during the trial that the work had been finished. Therefore the minor was entitled to expect and presume that the way leading down to her house was open, safe and accessible. She was not bound to watch every step she took in order to avoid an accident." (T. of E., pp. 21, 22).

Two errors which may be reduced to one are assigned in the present appeal taken by the defendant Colom and the

codefendant Maryland Casualty Co.,[1] to wit, the finding that the negligence of the contractor, and not plaintiff's negligence, was the proximate cause of the accident.

██ We agree with the appellants that the facts found proved by the court itself do not support its conclusions of law. The contractor was unable to leave the ground in the same condition it was before the ditch was dug. The ditch was covered with the dirt and gravel dug therefrom. After this operation the "hogback" about which there is no conflict, necessarily had to remain, for the engineers who testified in this regard stated that that is the usual procedure, accepted by practice and use in this community. That the area over the ditch is not evened with the road because the rain on one side and travel of man and beast on the other, pushed down the dirt and then the area over the ditch would be lower than the road with the ensuing danger for vehicles and pedestrians; that sometime after the dirt in the "hogback" has come down to a normal height, it is then leveled. The contractor did what is always done and what he was under the obligation to do pursuant to the contract. He could not prevent any stone or dirt, either by the action of the wind, rain or animals, from slipping down on top of the wall, nor was he bound to hire anyone to remain there at all times in order to keep the place free from any object which might fall on the wall or the stairway. The plaintiff admitted that the entrance to her house was usually dangerous and that up to that time she had suffered no accident because she traveled thereon with due care; that she was aware of the work under construction in front of the entrance to her house and that she had passed by the place that morning. If previously travel thereon was dangerous, that danger must have increased because of the work under construction. She should have increased in the same proportion her care and circumspection when traveling through that place.

---

[1] The codefendant Maryland Casualty Co. was the contractor's insurer and as such was sued.

It was twelve o'clock noon, for which reason she could see the ground perfectly, and there is no room to doubt that the plaintiff failed to exercise the care which under the circumstances she should have exercised, for if she had been watching the way she undoubtedly would not have stepped on a loose stone, inasmuch as even under normal circumstances, there is the risk that when the stone rolls away, the person might lose his balance and fall.

*Kelly* v. *Walsh*, 164 S. W. 135 (Mo. 1914) and *City of Winchester* v. *Carroll*, 40 S. E. 37 (Va. 1901). do not support the theory of the lower court. In the former case the accident occurred about nine o'clock at night, it was drizzling, and the plaintiff was not acquainted with the place. The negligence imputed to the defendant consisted in that the ditch into which the plaintiff fell had no barrier or light indicating the danger. *City of Winchester* v. *Carroll, supra,* involved an accident which had occurred while the plaintiff. was attempting to step from a sidewalk to the roadway in a dark place and which was not the usual place for crossing the street. The facts of this latter case are so much different from the case under our consideration that it is wholly inapplicable.

■■ We are not dealing with a road under normal conditions. Certain work was being done which required. special care on the part of the passersby. The plaintiff had no right to ignore the new situation created by the work, and keep on exercising the same degree of care she previously exercised. Even if such work had not been performed on the road, the stepping on a round stone, as testified by the plaintiff, could have caused the fall which brought about the accident.

*Davidson* v. *H. I. Hettinger & Co.,* 62 P.R.R. 286 and *Font* v. *Viking Construction Corporation,* 58 P.R.R. 691, cited by the lower court, are not in point. Even though it is true that in the former case it was said that the plaintiff knew that a sewage job was being performed on Figueroa

Street, it is likewise true that immediately thereafter it is said: "...there is nothing in the proof to show that she knew prior to the day of the accident that there was a hole in the sidewalk." And citing with approval *Nicholson* v. *City of South Omaha*, 77 Neb. 710, 110 N. W. 558, it was said:

"It is not the plaintiff's knowledge of the defect in a sidewalk or street that precludes his recovery, but his want of such care as a prudent man would exercise in view of the danger."

And in *Font* v. *Viking Construction Corp.*, *supra*, as stated in the opinion, there was no evidence tending to show that the plaintiff knew or had reason to know the existing danger.

We have seen here that the plaintiff not only knew the prevailing conditions on the road due to the work under construction, but she testified herself that even before the work commenced, the passage going and coming from her house to the road was dangerous. Under the circumstances, a prudent person would have watched the ground and his step in order to avoid a possible accident.

We think that plaintiff's own negligence in not exercising due care and circumspection was the proximate cause of the accident. The judgment will be reversed and the complaint dismissed with costs on the plaintiff.

Mr. Justice Snyder did not participate herein.

