# City of Altoona *versus* Lotz.

1. A pedestrian, in a city, on a dark night, well acquainted with the unsafe condition of a sidewalk, is not guilty of contributory negli-gence in taking it as the most direct way to his home, instead of some other way also unsafe, if in so doing he acted with that care with which a prudent man should act under the circumstances, and this is a question of fact to be determined by the jury.

2. Where a point for charge, assuming the facts therein stated as true, should be affirmed as an abstract principle of law, it is not error to re-fuse to approve it if there be other facts not therein stated that would modify or contradict the facts stated, if believed.

May 24th, 1886.   Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT, GREEN and CLARK JJ.

ERROR to the Court of Common Pleas of *Blair county:* Of January Term 1885, No. 144.

Case by Luther L. Lotz against the city of Altoona to recover damages alleged to have been sustained by the plain-tiff by reason of the negligence of the defendant in neglect-ing to provide and keep good and sufficient sidewalks in the corporate limits of said city.   Plea, not guilty.

The following are the facts as they appeared on the trial before DEAN, P. J.

Luther L. Lotz, the plaintiff, in 1883 was a resident of the

city of Altoona, a city of from 20,000 to 25,000 inhabitants. He resided at Seventh avenue and Twenty-seventh street. On Sunday evening, April 8th, 1883, he attended church on Seventh avenue between Eleventh and Twelfth streets. On going to his home from church he fell into a hole in the sidewalk, between Twenty-third and Twenty-fourth streets, caused by one or two planks being off. In the fall he struck his abdomen and was rendered unconscious for a time; but after awhile recovered sufficiently to walk home. When a physician was called, upon examination he found "great tenderness and soreness on the right side of the abdomen and groin; the right spermatic cord much enlarged, sore and tender, and the right testicle very much enlarged; that it was evident he had received a severe shock to the nervous system." It was afterwards discovered that he had also received an injury to the spine or some of the nerves coming out from the spine, or the genito-pleural nerves. His injuries proved to be very severe, and as they continued to develop he suffered intense pain, was attacked with nervous spasms. He lost the power of locomotion, and from the time of the accident until the present he has been helpless, and is *permanently disabled*, besides being at times a great sufferer. The plaintiff offered evidence to show that at the place where the accident occurred, the sidewalk, which was constructed of planks laid on stringers, had been defective and in a dangerous condition for at least one year; that the stringers were rotten, and that the boards were off; that the injury of the plaintiff was occasioned by the gross negligence of the city authorities in not having their walks kept in proper repair. The defendant claimed that inasmuch as the plaintiff had been accustomed to travel along this sidewalk and knew of boards being off, that it was contributory negligence on part of the plaintiff in passing over it that night. But the plaintiff proved that it was as safe a way as he could have taken to have reached his home; that the sidewalk on the opposite side of the avenue was in no better condition, as it also had planks off, and besides, on a dark night as this was, there was greater danger by reason of an unguarded bridge at Twenty-fourth street; that the side of the avenue where the accident occurred was traveled by the public more largely than the other side; that it was in constant use by the public day and night. It was also elicited on cross-examination of the witnesses, when they were asked whether the plaintiff could not have avoided this place by stepping off the sidewalk next to the fence and walking along there, that to do that he would have encountered several ditches; that the street at this season was very muddy and had some large holes in this locality, and that he

was liable to be run over by passing vehicles; that the street leading around the next square was rendered hazardous to pedestrians by reason of ditches and an unguarded stream. In short that there was no way which he could have taken which would have been any safer than the one he took; that this was his natural way home, and the way most used by the public, and to have taken any other on a dark night as this was, would have been attended with fully as great danger. While the plaintiff knew that somewhere near the place of accident some boards were off, yet his testimony shows he supposed that night he had passed them. The night was dark, no street lamps were near.

The defendant presented *inter alia* the following points:

2. The plaintiff's testimony, showing that he well knew of the defects in the sidewalk, and that he could have avoided them by walking along the fence, or in the street, or around the square; and that having voluntarily chosen to take the risk of walking on the sidewalk in its defective condition, he was guilty of contributory, or concurrent negligence, and can not recover in this action.

Answer. If it had not been for the defendant's citation of the manuscript decision in case of Fleming *v.* The Borough of Lock Haven, we would have been ready now to give a direct answer to this point; but at present we reserve our answer to it with the right to enter judgment for the defendant on the verdict, if there should be a verdict for the plaintiff, in case we should, on further consideration, affirm this point. (First assignment of error.)

3. If at the time the plaintiff was on his way home it was dark, the risk assumed by the plaintiff in walking over the defective sidewalk, when he could have conveniently found a safer way in the street, was greater, and a concurrent negligence proportionally greater, and the plaintiff can not recover.

Answer. Our answer to this point will depend on the answer to the defendant's second point. (Second assignment of error.)

4. If it was contributory negligence on the part of the plaintiff with his knowledge of the defective condition of the sidewalk at the time, to have passed over it in daytime, it was no less so to attempt the same thing at night.

Answer. Whether it was contributory negligence for the plaintiff to pass over this sidewalk at the time he did, has, for the present, been submitted to you to answer. If it be a question for the court on this evidence, we reserve our answer. If you find that the plaintiff was guilty of contributory negligence, he cannot recover. (Third assignment of error.)

[City of Altoona *v.* Lotz.]

8. Upon all the evidence in the case the verdict must be for the defendant.

Answer. This we decline for the present to affirm; our answer to this point is reserved. (Fourth assignment of error.)

The court filed the following opinion, directing judgment to be entered on the points reserved. The point reserved in this case is as follows:

2. The plaintiff's testimony showing that he well knew of the defects in the sidewalk, and that he could have avoided them by walking along the fence, or in the street, or around the square; and that having voluntarily chosen to take the risk of walking on the sidewalk in its defective condition, he was guilty of contributory or concurrent negligence, and cannot recover in this action.

The facts assumed in this point are sustained by the evidence; they are substantially testified to by plaintiff himself —that is, he knew the sidewalk whereon he fell was defective at three different places; he could have walked along the fence, on the ground between the inner edge of the board-walk and the fence; he could have walked out in the street; he could have walked out of his way around in some other direction, through the city to his home. Of course, if he had chosen some other way than on the board-walk, the defective board-walk would not have caused the injury complained of. Was it contributory negligence in him, under the circumstances in this particular case, to walk to his home on a board-walk which he knew to be defective? Standing by themselves, and assuming that these are all the material facts in the case, the point ought to be affirmed; it would be a question for the court.

But, there were other material facts, and evidence tending to establish other material facts, on the question of contributory negligence. The accident occurred about ten o'clock at night; the night was very dark; there were no lamps; the plaintiff's residence was on Seventh avenue and Twenty-seventh street; the church he had been at was on Seventh avenue and Twelfth street, fifteen squares distant. There was evidence that, on a dark night, the street was not safe because of passing vehicles; the board-walk on the opposite side of the street was no better, and perhaps worse, than the one he walked on; the space between the walk and fence was uneven and cut up by open ditches; any course around on a night like that, especially to one not familiar with it, would have been dangerous.

"Negligence is the absence of ordinary care, according to the circumstances." It consists in doing something a prudent

4 AMERMAN —16

man would not do. When there is no dispute about the material facts in a case, it may be a question for the court to determine, but not often; generally, it is a question for the jury. When it becomes a question for the court, it is only where, on the undisputed facts, the negligence is so manifest that any other theory would be unreasonable: Erie City *v.* Schwingle, 10 Harris, 384; Penna. R. R. Co. *v.* Ogier, 11 Casey, 60; Catawissa R. R. Co. *v.* Armstrong, 2 P. F. S., 282; Penna. R. R. Co. *v.* McTighe, 10 Wright, 316.

If the facts assumed in this point were all the material facts bearing on the question of contributory negligence, it would clearly be our duty, on the authorities of the City of Erie *v.* Magill, 5 Outerbridge, 616; and Fleming *v.* City of Lock Haven, 41 " Legal Intelligencer," 408, to pronounce the plaintiff guilty of contributory negligence and enter judgment for defendant. But we do not think these all the material facts; the additional ones stated by us, if the evidence establishes them, enter into the question and should have their weight in determining it. In so far as these additional facts are concerned, to our mind they clearly distinguish this case from the ones last cited. In both of them the facts are in some respects the same as here, and as assumed in this point; but in others they are widely different. The accidents there and here were caused by defective sidewalks; there, as here, the plaintiffs knew of the defects and did not avoid the dangerous walks as they might have done. But, they are not alike in these particulars; in both the cases cited the accidents occurred in daylight; here it happened on a very dark night; there the dangerous spot, without any reason to apprehend other dangers, could have been avoided by merely going around it; here, from the evidence, it is alleged, owing to the darkness, it would have been more dangerous to go into the street, to go on the other side, or along the fence, or around some other way, than to walk on the board-walk.

Assuming that it was not negligent for him to attend church that evening, plaintiff alleges that in taking a defective board-walk with which he was familiar, on a dark night, he only did that which a prudent man under the circumstances would have done; he alleges if he had walked in the space between the board-walk and the fence he might have fallen into one of the ditches, or have been injured by other obstructions; if he had taken the street he might have been run down in the dark by passing vehicles; if he had taken the other side of the street, it was worse than the one he walked on; if he had gone around some other way not familiar to him, on board-walks not known to be any better, in the darkness, his danger would have been greater.

[City of Altoona v. Lotz.]

True, many of these averments of plaintiff were disputed by defendant, but there was evidence tending to establish their correctness, which was submitted to the jury.

The jury, under instructions, of which counsel on neither side complained, determined the facts to be as plaintiff claimed; and further, that plaintiff in selecting this board-walk, as the safest way to his home, did only what a prudent man, under the circumstances, ought to have done. This being the fact as found by the jury on competent evidence, and on all the evidence, it is not for us to say, on only that part of the evidence embraced in this point, the plaintiff was guilty of contributory negligence. Perhaps, as a prudent man, the plaintiff ought not, knowing that the sidewalk was defective, to have gone to church on a dark night; or being there, perhaps, as a prudent man, he ought to have stayed there until daylight; but none of the authorities have gone this far yet; the defendant has not embraced such a proposition in his point, therefore, it is not necessary for us to answer it; the jury has answered, that being at church, it was not negligent in him to take, what, under the circumstances, was the safest way to his home. Therefore the defendant's second point is denied, and his third falls with it. Let judgment be entered on verdict for plaintiff on payment of jury fee.

Verdict for the plaintiff in the sum $3,200 and judgment thereon on the points reserved. The defendant thereupon took this writ, assigning for error the answer of the court to the points as above shown.

*A. V. Dively*, City Solicitor, (*A. S. Landis* with him), for plaintiff in error.—If the plaintiff chose to take the chances of a safe passage over known defects in the walk, he cannot sustain an action for injuries received. If he assumes the risk, he waives his right of complaint. He cannot have both. The law is now well settled in this respect in Pennsylvania, and it is in entire consonance with reason and justice. This principle is clearly ruled in the following cases: Wilson *v.* City of Charlestown, 8 Allen, 137; City of Centralia *v.* Krouse, 64 Ill., 19; Durkin *v.* Troy, 61 Barb., 437. " A party cannot cast himself upon an obstruction made by the fault of another and avail himself of it:" Butterfield *v.* Forrester, 11 East, 60. A traveler who does not avoid a known danger in a road when he might have done so, is guilty of contributory negligence: City of Erie *v.* Magill, 5 Out., 616; Pittsburg & Southern R. R. Co. *v.* Taylor, 8 Out., 306; Fleming *v.* Lock Haven, 41 Leg. Int., 408; Erskine *v.* City of Philadelphia, 13 W. N. C., 224; Devlin *v.* City of Philadelphia, 13 Id., 338.

[City of Altoona *v*. Lotz.]

*H. M. Baldridge* for defendant in error.—The plaintiff exercised such care as a prudent man should have exercised under all the circumstances.

All the avenues to his home were dangerous; had he taken another rather than this one the same or a worse mishap might have befallen him.

The learned judge was clearly right in directing judgment to be entered.

He is sustained by the following cases: Beatty *v*. Gillmore, 4 Harris, 466; Erie *v*. Schwrigle, 10 Harris, 389; Humphrey *v*. Armstrong, 6 P. F. S., 209.

This was a case for the jury to determine whether the defendant was guilty of contributory negligence: Mallory *v*. Guffey, 85 Pa. St., 275; Whittaker *v*. West Boylston, 95 Mass., 273; Thomas *v*. Westhuron Co. *v*. Gladmore, 15 Wall., 401; Harrisburg *v*. Saylor, 87 Pa. St., 216; R. R. Co. *v*. White, 88 Pa. St., 329; R. R. Co. *v*. Werner, 89 Pa. St., 59; Easton *v*. Neff, 6 Out., 474.

Mr. Justice TRUNKEY delivered the opinion of the court, November 3d, 1886.

The defects in the sidewalk had existed so long and were so well known to the plaintiff at the time he was injured, that the sole defence is that the plaintiff failed to show a case clear of contributory negligence. This defence would prevail had there been a safe and practical way by which the plaintiff could have reached his home. It is not alleged in the points submitted by the defendant, that there was a safe way; only a suggestion that the plaintiff could have conveniently found a safer way in the street.

The jury were explicitly and repeatedly instructed that if the plaintiff failed to show a case clear of contributory negligence he could not recover. And their attention was so fairly directed to the testimony touching the question, and all the rulings of the court at the trial were so unexceptionable, that the defendant complains of nothing, save that its second, third, fourth and eighth points were refused, which points involved the finding of the fact of contributory negligence by the court, and the direction of a verdict for the defendant.

The defendant's second point is as follows: " The plaintiff's testimony showing that he well knew of the defects in the sidewalk, and that he could have avoided them by walking along the fence, or in the street, or around the square; and that having voluntarily chosen to take the risk of walking on the sidewalk in its defective condition, he was guilty of contributory or concurrent negligence, and cannot recover in this action."

[City of Altoona v. Lotz.]

That point was refused for the reason that the assumed facts therein were not the whole truth; otherwise it would have been affirmed. The accident occurred after 9 o'clock in the evening when the plaintiff was going from church on the direct way to his home. The night was dark and the street unlighted. The witnesses agree that the sidewalks on both sides were in bad repair, both unsafe, but there is some conflict of testimony as to which was in the worse condition. There is testimony that the walk along the fence was very unsafe, and as dangerous as the sidewalk; also that by going around the square the plaintiff would have been compelled to run off the sidewalks, and might have run into several of the other bridges and met with an accident; also that the street was muddy and had he waded through the mud there would have been danger of falling into chuck-holes, but had he fallen in the mud he might not have been so badly hurt. Several witnesses thought the muddy street was safe for a man to walk; but none testifies that any person did walk on it. And none testifies that it was a safe way for the plaintiff to go around the square. Hence it was for the jury to determine whether the plaintiff could have found a safe walk along the fence, or on the street, or around the square, to his home. And they were instructed that if he knew the sidewalk was dangerous " and could, with reasonable care, have avoided it by turning outside on the street, or by taking the other side of the avenue, or the space between the board-walk and the fence, or could have with reasonable care taken his way home by some other street or walk, he was guilty of contributory negligence and cannot recover."

But the jury were not instructed that the plaintiff should have taken another unsafe route; in effect, they were instructed that if he voluntarily took the direct walk, even if he knew it was unsafe, instead of one indirect and unsafe, and acted with the care with which a prudent man should have acted, under the circumstances, he was not guilty of contributory negligence.

Among the circumstances was the well-known bad condition of the streets and walks in that part of the city, which streets and walks were in constant use. Even if the muddy street was safer for pedestrians than the sidewalk, it could not be expected that persons would shun the walk and wade the street. When a city leaves a walk without guard or warning, persons going on foot usually take the walk—persons of ordinary prudence in the exercise of ordinary care, usually travel on the sidewalk, when it is known to be defective, rather than risk the dangers of the street. There had been no sudden or recent injury to the public ways; the residents had become

accustomed to their use in their bad condition, and the city officers were indifferent. It is not the law that a resident in a city must remain continuously on his property, when the city grossly neglects the repair of its streets, under pain that if he ventures on the streets or walks and suffers injury resulting from the city's default, he can recover nothing. Nor is the resident bound under like pain to abstain from going to church in the evening, or other places when he may be moved to go by a sense of duty or love of pleasure. On his part it is enough if he takes the ordinary care which ought to be exercised by a prudent man, under the circumstances. This sidewalk had all along been in use, was generally used by many people, and though unsafe, very few persons had received injury. The rulings of the court below, and what we have said, apply to such walk or street; not to one where a prudent man in the exercise of due care, would not travel.

A glance at the facts, as settled by the verdict, shows that this case is not governed by the controlling principle in City of Erie *v.* Magill, 101 Pa. St., 616, and Fleming *v.* Lock Haven, 15 W. N. C., 216. In each of those cases the accident was in daylight, and a convenient and safe way was known to the injured party who chose not to take it.

Here, with little verbal change, the language of Justice CLARK, in Borough of Easton *v.* Neff, 102 Pa. St., 474, is fitting: " There was evidence in the cause, some of it inferential in its character, tending to show contributory negligence; this was for the jury. In the use of a public highway, in general, ordinary care is undoubtedly the rule. Negligence is defined, however, by the absence of care according to the circumstances. In this case the plaintiff was quite familiar with the walk. He had passed over it often. He says he knew it to be a place of danger. The injury was received after night and the night was dark. Did he exercise a proper measure of care? He was bound to use as much care as a prudent person would use under such circumstances. The measure of duty in the case of a municipal corporation in reference to its streets is but ordinary, and the care of those who use them is the same, whilst the standard of the degree of care is to be measured according to the circumstances."

In view of the testimony, affirmance of the defendant's second and eighth points would have been error. As abstract propositions the third and fourth points might have been affirmed, but with reference to the testimony, the court properly ruled that they depend on the answer to the second point. Under the charge, the jury must have found that the street was unsafe to walk on, else the verdict would have been for the defendant. Whether it was daylight or dark the plaintiff

[City of Altoona *v.* Lotz.]

was not guilty of negligence in taking the unsafe walk when it could not be avoided by taking a safe one. That it was dark was a fact to be considered. Had it been daylight, it is unlikely that the plaintiff would have been injured. He says he thought he had passed the dangerous places before he fell. The risk was greater in the night than in the day, but that is no reason .why he should have taken an unsafe and dangerous way of which he had less knowledge.

Judgment affirmed.

GORDON and PAXSON, JJ.; dissent.