GEORGE M. CHASE, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 9, 1908.

1. PASSENGER CARRIERS: Approach to Station: Care. The carrier of passengers just as other business people inviting patronage should use reasonable care to keep its station houses, platforms and approaches thereto in safe condition and the passenger should use the way marked out for him; but where there is no definite way marked out for pedestrians the question of his negligence in using one rather than another is for the jury.

2. ——: ——: ——: Senses: Memory. Where a passenger selects a way to approach a station and is injured the question is whether he was making use of his senses of sight and hearing at the time of his injury; and his forgetting the existence of the defect by which he is injured is merely a circumstance for the consideration of the jury.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Thomas R. Morrow, Cyrus Crane* and *Samuel W. Sawyer* for appellant.

(1) The defendant, having furnished reasonably safe means of access to its station, is not liable to the plaintiff, who did not use the means of access provided. Thompson, Carriers of Passengers, 104; Moore, Carri-

ers, 613; 1 Fetter, Carriers of Passengers, sec. 47; 4 Elliott, Railroads, sec. 1590; 3 Thompson, Negligence, sec. 2679; Straub v. Soderer, 53 Mo. 38; Schepers v. Union Depot Co., 126 Mo. 665; Schaefer v. Railway, 128 Mo. 64; Robertson v. Railroad, 152 Mo. 382; Gunderman v. Railway, 58 Mo. App. 370; Randolph v. Railway, 106 Mo. App. 646; Barry v. Cemetery Association, 106 Mo. App. 358; Glaser v. Rothschild, 106 Mo. App. 418; Shaw v. Goldman, 116 Mo. App. 332; Sweeny v. Railroad, 10 Allen 368, 87 Am. Dec. 644; Comly v. Railroad, 12 Atl. 496; Drake v. Railroad, 137 Pa. St. 352, 20 Atl. 994; Graham v. Railroad, 39 Fed. 596; Falls v. Railroad, 97 Cal. 114, 31 Pac. 901; Green v. Railroad, 214 Pa. St. 240, 63 Atl. 603; Sturgis v. Railroad, 72 Mich. 619, 40 N. W. 914; Armstrong v. Medbury, 67 Mich. 240, 34 N. W. 566; Walker v. Winstanley, 155 Mass. 301, 29 N. E. 518; Reardon v. Thompson, 149 Mass. 267, 21 N. E. 369; Schmidt v. Bauer, 80 Cal. 565, 22 Pac. 256; Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Etheredge v. Railway, 122 Ga. 853, 50 S. E. 1003; Benson v. Traction Co., 77 Md. 535, 26 Atl. 973, 20 L. R. A. 714; Pierce v. Whitcomb, 48 Vt. 127, 21 Am. Rep. 120; Potter v. Railway, 92 N. C. 541; Abbott v. Railway, 65 N. J. L. 310, 47 Atl. 588; Railway v. Brookshire, 3 Ill. App. 226; Railroad v. Coleman, 28 Mich. 440; Zoebish v. Tarbell, 10 Allen 185; Victory v. Baker, 67 N. Y. 366; Webster v. Railroad, 161 Mass. 298, 37 N. E. 165, 24 L. R. A. 521; June v. Railroad, 153 Mass. 79, 26 N. E. 238; Glenn v. Railway, 75 N. E. 282, 2 L. R. A. (N. S.) 872; Forsythe v. Railroad, 103 Mass. 510; North American, Etc., Co. v. Hart, 66 Ill. App. 659. (2) The court should hold, as a matter of law, that the plaintiff was guilty of contributory negligence. Beach, Contributory Negligence, secs. 37, 255; Wheat v. St. Louis, 179 Mo. 572; Kaiser v. St. Louis, 185 Mo. 366; Coffey v. Carthage, 186 Mo. 573; Ruppenthal v. St. Louis, 190 Mo. 213; Clancy v. Transit Co., 192 Mo. 615; McGrath v. Transit Co., 197 Mo. 97; Jackson v.

Kansas City, 106 Mo. App. 52; Deleplain v. Kansas City, 109 Mo. App. 107; Diamond v. Kansas City, 96 S. W. 492; Schmidt v. Bauer, 80 Cal. 565, 22 Pac. 256; Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Drake v. Railroad, 137 Pa. St. 352, 20 Atl. 994; Wood v. Railroad, 100 Ala. 660, 13 So. 552; Waterbury v. Railroad, 104 Ia. 32, 73 N. W. 341.

*Gage, Ladd & Small* for respondent.

(1) The duty and liability of the defendant railroad in this case is beyond dispute. Railway v. Hans, 111 Ill. 114; Railway v. Campbell, 47 Mich. 265; Burbank v. Railway, 45 Am. & Eng. 593, 42 La. Ann. 1156, 8 So. 580; Collins v. Railway, 80 Mich. 390, 45 N. W. 178; Warren v. Railway, 8 Allen (Mass.) 227. Distinguished in: Young v. Railway, 156 Mass. 178; Terry v. Jewett, 78 N. Y. 338; Ormsbee v. Railroad Corp., 14 R. I. 102, 51 Am. Rep. 354; Beisiegel v. Railway, 34 N. Y. 622; Railway v. Trautwein, 41 Am. & Eng. R. Cas. 187, 52 N. J. L. 169, 19 Atl. 178; 7 L. R. A. 435; Railway v. Brown, 78 Tex. 397, 14 S. W. 1034; Jumby v. Railway, 69 Me. 340; Cross v. Railway, 35 Am. & Eng. R. Cas. 476; 69 Mich. 363; 14 West. 181; 37 N. W. 361; Cole v. Railway, 81 Mich. 156; Railway v. Martin, 41 Mich. 667.

JOHNSON, J.—Plaintiff was injured on the station grounds of defendant railway company at Holliday, Kansas, and alleges that his injury was caused by the negligence of defendant. The answer is a general denial and a plea of contributory negligence. The trial resulted in a verdict and judgment for plaintiff in the sum of one thousand dollars, and the cause is here on the appeal of defendant.

Defendant's station at Holliday is on the north side of the tracks of its main line which runs east and west. The town is southwest of the station. North of

the station and running east and west is the track of
a branch line of defendant's railroad.   A platform ad-
joins the station building on the south, west and north
sides and that on the south side extends some distance
to the west.   The space between this platform and the
branch line track is level, and is paved with gravel for
a distance of sixty feet west of the west platform.   A
wagon road connects Holliday ·with the station.   Com-
ing from the south, this road crosses all of the railroad
tracks, then turns east, runs parallel with the branch
line track to a point about opposite the east line of the
graveled space and then turns to the north.   Two road-
ways for vehicles extend south from this wagon road into
the gravel space.   They are about twenty-five feet apart
and the east one enters the space at its eastern end.   Both
were paved with cinders and, where they crossed the
branch track, were provided with suitable crossings.
They were available to the use of pedestrians as well
as of vehicles, but were not specially prepared for the
former.   Between the wagon road and the branch track,
·defendant maintained semaphore wires, buried where
they crossed the two roadways just described, but in
the intervening space, exposed at a height of two or
three inches and unguarded.   Cinders were placed in the
space between them and the branch track and the color
and position of the wires rendered them almost in-
visible.   Plaintiff came from Holliday in the daytime,
in a wagon, for the purpose of departing on one of de-
fendant's passenger trains.   The vehicle did not enter
the gravel space and plaintiff alighted from it in the
public road, at a point about equidistant from each
station roadway, and proceeded to go straight across the
graveled area to the south platform.   He was not in
haste and, being familiar with the place, knew of the
presence of the exposed semaphore wires which he was
compelled to cross, in choosing the way he did.   He was
not inattentive but, for the moment, forgot about the
wires and, as they were scarcely noticeable, failed to

see them. Consequently, he tripped over them, fell and was injured severely. They were the only obstacle in his path. From the public road to the platform, the entire space was covered either with cinders or gravel. He could have used either roadway though, as stated, neither was provided with a special course for pedestrians, but he elected to cross between them for the reasons that he was in the habit of crossing there when he had business at defendant's station, that way appeared more convenient, and he had seen others cross there. The facts stated are collected from the evidence of plaintiff and are all that need be considered in the disposition of the questions raised by the demurrer to the evidence offered by defendant. First, it is argued that defendant was not negligent in maintaining the wires above ground and unguarded where they traversed the space between the two roadways and, second, that in any event, plaintiff should be declared to have been guilty in law of negligence that directly contributed to his injury.

Though plaintiff, when injured, was on the station grounds and was approaching the station for the purpose of becoming a passenger of defendant, the relationship of carrier and passenger had not begun, and the extent of the duty defendant owed him was the exercise of reasonable care to furnish him safe means of access to the station. Defendant was not an insurer of the safety of its premises, but since it expected and invited the patronage of the public and maintained a station at Holliday as a place for the transaction of business with its patrons, it was charged in law with the performance of the duty of exercising reasonable care to keep its station house, platforms and approaches thereto in safe condition. Two roadways for vehicles served as approaches from the public road to the platform, and defendant argues that in providing these ways for the joint use of pedestrians and vehicles, it owed plaintiff no duty to furnish him a safe way across

the intervening space. It is true, defendant had the right to limit the approaches to the station to these two roadways, and had it sufficiently indicated such intention to the public, plaintiff would be without a remedy for his damages.

"The carrier's liability in respect of the condition of his premises is neither greater nor less than that of any person to another who, by invitation or inducement, express or implied, has come upon his premises for the purpose of transacting business." [Thompson's Carriers of Passengers, 104.] All of the authorities agree that a person who enters the premises of another for the purpose of transacting business has no implied invitation to deviate from passageways which the premises themselves show were prepared by the owner for that special use and were intended to mark out the only way by which the place of business might be approached. The rule thus is stated in Armstrong v. Medbury, 34 N. W. 566: "The plaintiff was bound to leave defendant's premises by the usual, ordinary and customary way in which the premises are and have been departed from, provided the same be safe and in good condition and if for his own convenience or other reason (than defect in the usual place of departure), he leaves such way, he becomes, at best, a licensee and cannot recover for injuries from a defect outside of said way."

In the invocation of this rule, the difficulty of defendant's position lies in the facts that it did not indicate an intention to restrict pedestrians to the two roadways, but to the contrary, prepared the graveled area in a way to make it an attractive crossing place for pedestrians coming from the public road. There was no special course provided for footmen along either of the roadways—nothing to show they were not designed especially for the use of passengers and freight vehicles. Of course, a pedestrian could use them by keeping out of the way of such vehicles, but we think

it would be going too far to say as a matter of law that pedestrians, in effect were notified by defendant, that they must use them as the only approaches provided. To say the least, the smooth, graveled area presented itself as an approach in every way as convenient and inviting as the roadways and it was for the jury to say whether it was held out by defendant as one of the provided approaches. When the place was prepared, defendant must have known that many pedestrians would use it in preference to the cinder roads for vehicles and, with such knowledge, the very preparation of a place so convenient and attractive as a way of travel was an invitation to the public to use it. The decisive question of this branch of the case is not, was there another way prepared by defendant which plaintiff might have used? But, did defendant, by implication, invite plaintiff to use the way he selected? For the reasons stated, we are of opinion that the evidence of plaintiff tends to show that such invitation was extended and, therefore, the question of the negligence of defendant in maintaining an obstruction in the approach, is presented by the evidence as an issue of fact to be decided by the triers of fact.

We do not feel justified in pronouncing plaintiff guilty of contributory negligence as a matter of law. The classification of his conduct was an issue of fact to go to the jury. The facts before us differ in important respects from those we considered in Diamond v. Kansas City, 120 Mo. App. 185, cited by defendant. There, the plaintiff was familiar with the sidewalk, knew of the presence of dangerous holes in it and had them in mind at and before the time of his injury, but took no precautions to avoid them, though the darkness was so complete he could not see the sidewalk. Here, plaintiff previously had obtained knowledge of the presence of the wires, but forgot about them at the time and, if his testimony is true, was not remiss in atten-

tiveness to the way ahead of him. The fact that a foot-man forgets the existence of a defect in a sidewalk he is accustomed to travel and is injured by the defect is a circumstance to be considered by the jury in solving the question of contributory negligence but is not always conclusive evidence of such negligence. The controlling question in such case is whether or not the pedestrian was making the use of his senses of sight and hearing to be expected of an ordinarily careful and prudent person in his situation. [Graney v. St. Louis, 141 Mo. 180; Barr v. The City of Kansas, 105 Mo. 550.] Individuals differ widely in memory. A person's memory changes as he grows older and varies in strength and clearness with variations in health, condition in life and environment. At best, memory is uncertain, even treacherous. It would be a harsh rule, indeed, that would denounce as careless in law a person who failed to remember every defect observed by him in his numerous ways of travel. The law expects no such phenomenal exhibition of memory, but it does expect a person to make a reasonable use of his faculties to protect his own safety. Plaintiff's testimony shows he did this, but failed to notice the wires because of their closeness to the ground and indistinctness in form and color.

The instructions to the jury accord with the view of the law we entertain and are not made the subject of complaint by defendant. There is no error in the record and, accordingly, the judgment is affirmed.

*Broaddus, P. J.,* dissents. *Ellison, J.,* concurs.