# CHARLESTON.

Townley *v.* City of Huntington.

Submitted June 4, 1909.   Decided February 7, 1911.

1.  Municipal Corporations—*Defects in "Street"—Grass Plots.*
    A space within the bounds of a city street, set apart between the sidewalk and the roadway for a grass plot, is a part of the street, for the neglect of the safe condition of which the city may be held liable.

2.  Same—*Defects in Streets—Unguarded Pitfall.*
    A street or sidewalk is not in good repair when one without fault may fall from it into a dangerous hole, or an irresponsible child may venture to an unguarded pitfall within its bounds or immediately at its side.

3.   SAME—*Defect in Streets—Injuries to Children.*

> A city owes substantially the same duties to children, properly on the streets, although engaged in play, as it does to travelers on business.

Error to Circuit Court, Cabell County.

Action by Lola Townley against the City of Huntington. Judgment for plaintiff, and defendant brings error. .

*Affirmed.*

*Simms, Enslow, Fitzpatrick & Baker* and *Geo. I. Neal* for plaintiff in error.

*Isbell & Perry,* for defendant in error.

ROBINSON, JUDGE:

This suit is one against a municipal corporation, seeking the recovery of damages for an injury to a child three years old, by reason of neglect to keep a street in good repair and safe condition.

The plan of the street provided a space between the sidewalk and the roadway for grass plots, so that the street might be beautified. A good sidewalk six feet wide had been laid, but for several months a trench through the space between the sidewalk and the roadway had remained open and unguarded. This trench had been dug by an abbutting lot owner for the purpose · of laying a water pipe to his property. The child, starting for a walk with its nurse from the home of its parents in the vicinity of this unenclosed trench, left the sidewalk in its playfulness and in endeavoring to jump the trench, fell therein with the result that one of its legs was broken. The jury awarded damages for the injury, and the city seeks a reversal of the judgment entered on the verdict.

The demurrer to the declaration was rightly overruled. A good cause of action is sufficiently stated. The objections to supplying the lost declaration and writ are not tenable. The refusal to continue the case was proper. No grounds were shown warranting a continuance.

Principles enunciated in many of our cases justify the verdict and judgment. A mere reference to some of these cases suffices: *Stanton* v. *Parkersburg,* 66 W. Va. 393; *O'Hanlin* v. *Oil Co.,* 54 W. Va. 510; *Arthur* v. *Charleston,* 51 W. Va. 132;

*Chapman* v. *Milton,* 31 W. Va. 384; *Curry* v. *Mannington,* 23 W. Va. 14.

. It is argued that the vacant space between the sidewalk and the roadway was not a part of the street. But the space was within the bounds of the street and must be deemed a part thereof. It was a portion of the street set apart to give the whole an attractive appearance. It was the esthetic part of the street. Though it was not intended for actual travel, it was left unguarded within the traveled portions. This unenclosed space being clearly within the traveled bounds of the street, a duty devolved on the city to protect pedestrians and other travelers from injury by defects in it. So situated within the traveled way was it, that persons and animals could blindly wander into it at night time and irresponsible children at play fall therein. Natural indeed are blind departures from a roadway or sidewalk in the night or glare of street lights. More natural indeed are childish pranks when a little tot is released to the open air and sunshine for a trip down town. These natural things must be contemplated by the city in the reasonable mantainance of its streets. The duty rests upon so to keep its streets that persons using them, and acting as adults or children naturally do, will not be injured.

Dangerous places left unguarded in immediate proximity to the traveled part of a street may make a city liable for injuries received therefrom. A street or sidewalk is not in good repair when one without fault may fall from it into a dangerous hole, or an irresponsible child may venture on it to an unguarded precipice or pitfall immediately at its side. In *Biggs* v. *Huntington,* 32 W. Va. 55, it is held: "This duty of a city or town in this State, to keep its streets, sidewalks, alleys, etc. safe for foot-passengers and vehicles, is not met by keeping simply the bed of the highway or the surface of the sidewalk in proper condition; but such duty is violated, if a dangerous excavation or open well be permitted so close to the margin of the sidewalk or highway as to make the use of them as such dangerous."

A city owes substantially the same duties to children, properly on the streets, although engaged in play, as it does to travelers on business. So say both reason and authority. *Gibson* v. *Huntington,* 38 W. Va. 177; *Newport News* v. *Scott's Admr.,* 68 W. Va.

103 Va. 794; Elliott on Roads and Streets, section 640, and cases there cited.

It is certainly true that water pipes must be laid, and that trenches must be dug therefor. A city may permit a temporary obstruction or defect for such purpose without liability when it takes reasonable precaution in relation to the same. But, in this case, it was for the jury to say whether the city had reasonably taken precaution to avoid injury. The finding that the city had not done so is surely justified by evidence that the trench remained uncovered within the bounds of the street for several months.

There is no error in the refusal of instructions. A true view of the case did not sanction the giving of the instructions that were refused. The case was fairly and properly submitted to the jury.

The judgment will be affirmed.                    *Affirmed.*