T. J. MORRIS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 20, 1914.

1. **NEGLIGENCE: Defective Sidewalk: Injury to Pedestrian: Contributory Negligence.** A person is not guilty of contributory negligence as a matter of law in walking upon a sidewalk which

he knows is in a defective condition, unless it is so obviously dangerous that an ordinarily prudent person would not use it.

2. ———: ———: ———: ———: **Question for Jury.** In an action for injuries sustained by a pedestrian from a fall resulting from a defect in a sidewalk maintained by defendant, which defect was known to plaintiff, *held* that the defect was not so obviously dangerous that an ordinarily prudent person would not have used it, and hence the question of whether plaintiff was guilty of contributory negligence in using it was for the jury.

3. **INSTRUCTIONS: Submitting Unnecessary Facts: Harmless Error.** An instruction which requires the jury to find all the facts essential to a recovery is not to be condemned as reversible error because, it also requires them to find certain facts which are not essential to a recovery.

4. **APPELLATE PRACTICE: Harmless Error: Instructions.** In an action for personal injuries, where defendant's negligence appears not to have been questioned and the real controversy revolved around the alleged contributory negligence of plaintiff, *held* that instructions given for plaintiff, submitting the question of defendant's negligence, although they were inartificially drawn and would, perhaps, be erroneous under other circumstances, could not have entailed any substantial injury upon defendant, and hence did not constitute reversible error, in view of Secs. 1850 and 2082, R. S. 1909.

5. **DAMAGES: Instructions: Waiver of Generality.** Where the instruction on the measure of damages is correct in its general scope, defendant waives his right to complain of its generality by failing to ask a limiting instruction.

6. ———: **Personal Injuries: Excessiveness of Verdict.** In an action for personal injuries, a verdict for $1000 for a fractured collar bone and other slight injuries was not excessive.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*W. F. Evans, W. J. Orr* and *J. H. Orr* for appellant.

(1) The court should have directed a verdict for the appellant on the plaintiff's own testimony. Ryan

v. Kansas City, 134 S. W. 566; Border v. Sedalia, 144 S. W. 161; Coffey v. Carthage, 85 S. W. 532; Wheat v. St. Louis, 78 S. W. 792; Kaizer v. St. Louis, 84 S. W. 19; Woodson v. Railroad, 123 S. W. 820; Diamond v. Kansas City, 90 S. W. 492. (2) The court erred in giving instruction number 1 for respondent because it is misleading, argumentative and submits questions not shown by the evidence. In effect it tells the jury defendant is liable. These propositions are too elementary to call for citations. (3) Instruction number .2 does not correctly define the appellant's duty in cases of this kind. Appellant's duty was a question of law which should have been defined. What an ordinary prudent person would or would not have done does not relieve appellant of its legal duty nor impose a greater one. (4) Instruction number 3 is in direct conflict with all others given and does not correctly state the law on the facts here. (5) Instruction number 4 furnishes the jury no guide except their own judgment as to the damages and does not require their verdict to be based on the evidence. It also tells the jury that respondent was injured through appellant's negligence. Spohn v. Red, 116 Mo. 617; Schwend v. Red, 80 S. W. 4. (6) Instruction number 5 is not correct because it ignores every element testified to by respondent which tends to convict him of contributory negligence and is not based on the undisputed evidence on this branch of the case. See authorities under first point.

*Abington & Phillips* for respondent.

(1) The railroad company built its road bed across Fifth street, and changed the existing surface of the street, and hence, it became its duty to erect and maintain in a reasonably safe condition, such structures as were necessary to restore, as nearly as possible, the highway to its original condition, and it is liable for injuries resulting from its breach of

duty. City of Independence v. Railroad, 86 Mo. App. 589; Kyne v. Railroad, 8 Houst. 185; Railroad v. Allen, 34 Ind. App. 636; Railroad v. Com., 80 Ky. 147; Railroad v. Harrodsburg, 32 S. W. 604; Railroad v. State, 23 Fla. 546; Railroad v. Johnson, Tex. Civ. App. 322; People v. Railroad, 67 Ill. 118; State v. Railroad, 80 Minn. 108; State v. Railroad, 86 Mo. 13. (2) The defendant was guilty of negligence in constructing the approach to its trestle so that its western edge lacked nineteen inches of coming to the west line of Fifth street. Gibbs v. Monett, 145 S. W. 841; Walker v. Kansas City, 99 Mo. 647; Powers v. Penn. Mutual Ins. Co., 91 Mo. App. 55. (3) Plaintiff was not guilty of contributory negligence in using the sidewalk at the time of his injury. Gibbs v. Monett, 145 S. W. 841. (4) Plaintiff's instruction number one followed the allegations of the petition as is required in negligence instructions under the decisions in this State, and hence, the court committed no error in giving the same to the jury. (5) Plaintiff's instruction number two is correct and accurate. It defines negligence under the circumstances of this case. Wilkins v. Railroad, 101 Mo. 93. (6) Plaintiff's instruction number three was correct and the court committed no error in giving the same to the jury. Powe v. Kansas City, 100 Mo. 190; Goins v. Moberly, 127 Mo. 116; Kassman v. St. Louis, 153 Mo. 293; Powers v. Insurance Co., 91 Mo. App. 55; Fockler v. Kansas City, 94 Mo. App. 464; Gibbs v. Monett, 145 S. W. 841. (7) Plaintiff's instruction number four correctly defined the measure of damages and the court committed no error in giving the said instruction to the jury, and if defendant did not consider it specific enough it was its duty to offer one more specific. Boettger v. Iron Company, 124 Mo. 87. (8) Plaintiff's instruction number five correctly declared the law on the subject of plaintiff's knowledge of the defect of the walk, if he had such knowledge. See authorities cited under point 3. (9)

The judgment is for the right party and should be affirmed. Fritz v. Railroad, 148 S. W. 75; Nagel v. United Ry. Co., 152 S. W. 621. (10) Judgment for plaintiff should be affirmed for it is apparent that if the cause was remanded for a new trial that said trial would result again in a verdict for the plaintiff. Where it is obvious to the appellate court that a retrial of the case in the lower court would result in a verdict and judgment for the same party, then such appellate courts decline to go through the idle performance of reversing and remanding the case for trial. 3 Cyc. 420; Blanchard v. Engine Works, 142 Mo. App. 319; Hesse v. L., H. & P. Co., 144 Mo. App. 549; Smith v. Railroad, 122 Mo. App. 85; McDermott v. Doyle, 11 Mo. 443; Nagel v. United Ry. Co., 152 S. W. 621; Tate v. Barcraft, 1 Mo. 163; Daniel v. Atkins, 66 Mo. App. 342; Baker v. Shaw, 30 Mo. App. 611.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff received his injury through stepping into a hole in defendant's sidewalk adjacent to its tracks at the point of a street crossing for pedestrians. Defendant owns and maintains its railroad across Fifth street, a public thoroughfare in the city of Poplar Bluff. It is said the railroad embankment is about two feet above the surface of the street at the place at which it crosses Fifth street. Fifth street is a public thoroughfare in the city of Poplar Bluff and runs north and south. A public sidewalk is maintained along the west side of Fifth street for the use of pedestrians. Immediately adjacent to the railroad track, on the north side of it, there is a depression or drain, and defendant constructed a sidewalk from its railroad track across this drain, to connect with the sidewalk in front of Holcomb's property immediately

north. Under this walk so constructed by defendant, passes the ditch or drain into which plaintiff was precipitated on stepping off of the walk.

The portion of the walk across such drain which defendant constructed and maintains is about seven feet in width from east to west and probably ten feet long from north to south. The east side of defendant's walk is flush with the east side of the walk in other portions of the street, but on the west side of defendant's walk it lacks nineteen inches from abutting the building line, that is, the west side of the street. Defendant's walk is constructed of heavy planks laid lengthwise from north to south, the south ends of which are made fast to a beam affixed to the ties under its railroad tracks, while the north end of such planks lying lengthwise are made fast to the sidewalk in front of Holcomb's property. Defendant's sidewalk seems to be well enough, save a space nineteen inches wide on the west side of it, adjacent to the building line, which is open and unprotected. Into this space, nineteen inches wide, plaintiff stepped and received his injuries through being precipitated to the bottom of the drain below, because of defendant's failure to in anywise inclose or guard it.

It appears plaintiff was familiar with the walk and its construction as he passed over it every day of the week, and, indeed, he says he had stepped into the identical place the summer before. Defendant was fully aware of the condition of its walk, for besides constructing it in a manner so as to leave a space of nineteen inches uncovered on the west side and adjacent to the building line, the opening therein had continued to thus exist for more than a year before plaintiff was injured. It appears, too, the east side of this portion of the walk was some inches higher than the west side—that is to say, it sloped several inches to the westward where the nineteen-inch space immediately above the drain and adjacent to the building

line was uncovered. Moreover, the south end of this walk, constructed by defendant across the ditch to connect with the crossing on its railroad, was about a foot higher than the north end, which connected with the walk in front of Holcomb's building. Plaintiff was en route from his home to a grocery store about nine o'clock at night and under cover of darkness, when he stepped into the hole in the walk and was precipitated to the bottom of the drain beneath with such force as to fracture his left collar bone and inflict other slight injuries upon him.

His evidence tends to prove that, though he knew the condition of the walk, he stepped into the opening because he was unable to discover its location therein for the reason that darkness prevailed. Plaintiff says he exercised caution in approaching and endeavoring to pass it, but as there were no guardrails or signals or anything to indicate the precise location of the uncovered portion, he stepped off of the end of the walk in front of Holcomb's and into the ditch.

Because plaintiff says he knew of the condition of the walk and had fallen into the same hole during the summer before, it is earnestly argued by defendant that we should declare him guilty of negligence as a matter of law and thus deny his right of recovery, but we are not so persuaded. Mere knowledge of a defect in the walk is not sufficient to preclude the right of a pedestrian to recover for an injury received by stepping into it, if other facts and circumtances in evidence tend to show that he was in the exercise of ordinary care at the time. Obviously one may use the sidewalks in the public thoroughfares of a city without being declared guilty of negligence in so doing, if they are reasonably safe for the purpose. Here, defendant had constructed a sidewalk across the ditch and adjacent to its tracks, connecting with the sidewalks on the west side of Fifth street, whereby it furnished seven feet of surface which was safe for cross-

ing, but on the west of it permitted a space of nineteen inches to be uncovered, and this space was parcel of the walk proper according to the city plan. One knowing of this condition was justified in going upon and about it with a view of utilizing so much of the walk as was sufficient and at the same time avoiding the dangerous portion. The date was February first and the night a dark one. Moreover, the evidence reveals the electric lights of the city were not in use at the time, for the reason new machinery was being installed in the electric power house. In these circumstances, plaintiff says he was going south on the sidewalk to a grocery store and approached this portion of the walk with care, in order to avoid stepping into the hole. By constructing a substantial walk as much as seven feet in width and leaving a nineteen-inch hole therein on the west side abutting the building line, defendant invited plaintiff and others into the proximity of danger. But, though such be a dangerous situation, unless it was so obviously threatening of imminent peril as to make it clear no ordinarily prudent person would go about it, plaintiff was justified in using the walk, even though he knew of its defective condition, if he could do so by exercising care. In view of the secure portion of the walk provided for use, it is entirely clear that the question concerning plaintiff's negligence was one for the jury to determine along with all of the facts and circumstances of the case. [Graney v. City of St. Louis, 141 Mo. 180, 42 S. W. 941; Howard v. City of New Madrid, 148 Mo. App. 57, 127 S. W. 630; Chase v. Atchison, etc. R. Co., 134 Mo. App. 655, 114 S. W. 1141; Smith v. City of St. Joseph, 45 Mo. 449.]

Plaintiff's first instruction is a very long one and it would unduly extend the opinion to copy it here. It is criticized in the brief, but we are not persuaded that defendant was prejudiced thereby. The chief

184 Mo. App.—8

grounds of complaint against the instruction relate to its multiplicity of words and, as we understand, because it requires the jury to find much more than was necessary in order to justify a verdict for plaintiff. The important portion of the instruction is constructed conjunctively throughout—that is to say, by the conjunction "and" several questions are submitted as one predicate of liability. It is true a number of these are unimportant, but of this defendant is in no position to complain, for it appears the jury found, along with other things, ample grounds of liability on the part of defendant in the case.

Other instructions on the part of plaintiff are complained of, but obviously there is no merit in the argument directed against them, when considered in connection with the facts of the case. On the whole record before us, it appears defendant was negligent with respect to its duty pertaining to the construction and maintenance of the sidewalk. Indeed, this proposition seems not to be controverted. We are commanded by section 1850, Revised Statutes 1909, to disregard any error or defect in the proceedings which shall not affect the substantial rights of the adverse party and that no judgment shall be reversed by reason of such an error or defect. Furthermore, section 2082, Revised Statutes 1909, commands that no judgment be reversed on appeal unless the court shall believe that error was committed against the appellant materially affecting the merits of the action. It is clear enough that, though the several instructions of plaintiff complained of by which the issues of fact were submitted are inartificially drawn, and, it may be, erroneous in some cases, they contributed no substantial injury to defendant here. That defendant's negligence appears is not to be questioned and the real controversy in the case pertained to the alleged contributory negligence of plaintiff. That matter was submitted to the jury well enough.

It is argued, too, that plaintiff's instruction on the measure of damages is erroneous. The instruction is general in character, but contains no element of misdirection. It appears to be well enough in its general scope and this being true, the judgment may not be reversed because of it. Defendant waived its right to complain touching this matter by omitting to request instructions on its part concerning the same subject-matter. [See Nelson v. United Rys. Co., 176 Mo. App. 423, 158 S. W. 446; State ex rel. United Rys. Co. v. Reynolds, 257 Mo. 19, 165 S. W. 729; Browning v. Wabash R. Co., 124 Mo. 55, 27 S. W. 644.] Moreover, the case appears to be a meritorious one. The recovery is moderate in amount—that is to say, for the sum of $1000 only.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.