THEODORE PATTON *v.* CITY OF GRAFTON

(No. 8106)

Submitted May 7, 1935. Decided May 28, 1935.

312

*G. W. Ford* and *Layne H. Ford,* for plaintiff in error.
*W. Merle Watkins,* for defendant in error.

HATCHER, JUDGE:

This is an action to recover doctors', nurses', hospital bills and other damages to plaintiff occasioned by the fall of his wife off an unguarded public walkway into an open private cellar alongside the walkway. The accident occurred on Indian Alley, which is one of defendant's public thorough-fares. From a judgment in favor of plaintiff for $800.00, defendant secured a writ of error.

Indian Alley is on a hillside, is unpaved, and is regularly used by the public. The walkway in the alley partially con-sists of wooden steps which were erected two years before the accident. The cellar had been constructed prior to the steps and is about eight feet deep. Snow had fallen lightly

the night before the accident, but on the day thereof had melted except in shaded areas. The plaintiff and his wife were proceeding down the alley (the most convenient route to their destination) in the daytime, when they noticed some unmelted snow on the steps. Mrs. Patton wore galoshes and was walking slowly. Because of the snow, she placed her hand on her husband's shoulder for "protection" and then proceeded. Her precaution was unavailing, however, as she did slip on the snow, and fall into the cellar, receiving severe injuries. Both she and the plaintiff had made constant use of the steps, winter and summer, day and night, since their erection (without prior injury), and had full knowledge of the unguarded condition of the walkway.

The plaintiff takes the position that Indian Alley was a public way commonly used by pedestrians; that Mrs. Patton was proceeding down the alley in a proper and prudent manner; that the city was negligent in not safeguarding the walkway; and that because of such negligence the city is liable for the results of her fall, citing *Chapman* v. *Milton,* 31 W. Va. 384, 7 S. E. 22; *Biggs* v. *Huntington,* 32 W. Va. 55, 9 S. E. 51; *Townley* v. *Huntington,* 68 W. Va. 574, 70 S. E. 368; and other so-called "excavation cases."

The defendant proved that besides Indian Alley there were other available public ways down the same hillside, which were not shown to offer any danger to pedestrians; and that had Mr. and Mrs. Patton gone a few feet to one side ("abreast") of the steps they would have avoided proximity to the cellar. In connection with that proof, however, it appeared that the other public ways down the hill offered more circuitous routes to the Pattons than did Indian Alley; and that the part of the alley abreast the steps was partially covered with snow, was "very rough," and was specifically considered by Mrs. Patton at the time as *an unsafe place to walk.* (No evidence to the contrary.) The defendant takes the position that while it may have been primarily negligent in not guarding the walkway at the cellar, the plaintiff and his wife were guilty of contributory negligence in using the way knowingly under the circumstances, citing *Hesser* v. *Grafton,* 33 W. Va. 548, 11 S. E. 211; *Van Pelt* v. *Clarks-*

*burg,* 42 W. Va. 218, 24 S. E. 878; *Slaughter* v. *Huntington,* 64 W. Va. 237, 61 S. E. 155; and other personal negligence cases.

The cases cited by the respective counsel herein are well-defined, viewing accidents such as the one here from entirely different angles. There is also a host of other decisions by this Court that might be termed "border line" decisions. It would be impractical to correlate those decisions with, or to differentiate them from, this case. We will follow the simpler plan of applying hereto the principles established by those decisions and by other authorities.

PRIMARY NEGLIGENCE. An absolute duty is imposed by the Legislature on a municipality to maintain its public thoroughfares in a reasonably safe condition for travel in the ordinary modes. *Griffin* v. *Williamson,* 6 W. Va. 312; *Stanton* v. *Parkersburg,* 66 W. Va. 393, 66 S. E. 514. That duty is not performed "if either an obstruction, excavation or hole be permitted by a town to exist, though not actually within one of the public streets of the town, yet so close to such a street as to produce danger to a traveller or passenger who is using such highway or sidewalk prudently." *Biggs* v. *Huntington, supra,* p. 64. Accord: *Townley* v. *Huntington,* 68 W. Va. 574, 70 S. E. 368. It is not incumbent on plaintiff to show that the defendant had actual knowledge of the unguarded condition of the walkway beside the cellar. That condition had existed at the time the walkway was constructed and for so long a period afterwards (two years at least) that the defendant should have known of it in the exercise of ordinary care, and is therefore chargeable with notice. *City of Linton* v. *Jones,* 75 Ind. App. 320, 130 N. E. 541; *City of Cushing* v. *Bowdlear,* 74 Okl. 138, 177 Pac. 561. We are mindful that a municipality is not an insurer of its public ways against accidents, particularly those caused by slips on mud or snow—not unreasonably accumulated. *Yeager* v. *Bluefield,* 40 W. Va. 484, 21 S. E. 752; *Van Pelt* v. *Clarksburg, supra;* McQuillin, Municipal Corporations (2d Ed.), sec. 2978; Dillon, *idem,* (5th Ed.), sec. 1697. But it is also the law that "The municipality is liable where the concurring causes are an actionable defect in the street and the slippery condition of the way—for

the latter of which alone, the municipality is not liable."
McQuillin, *supra,* sec. 3041. Accord: *Blankenship* v. *Williamson,* 101 W. Va. 199, 132 S. E. 492; *Burrell* v. *Greenville,* 133 Mich. 235, 94 N. W. 732; *Lehmann* v. *Brooklyn,* 51 N. Y. S. 524; *Smith* v. *Yankton,* 23 S. D. 352, 121 N. W. 848; 43 C. J., subject Municipal Corporations, sec. 1840. Accordingly, the primary negligence of the defendant is clearly established as a matter of law.

CONTRIBUTORY NEGLIGENCE. When the facts are undisputed and should permit of but one reasonable inference, as herein, the question of contributory negligence is one of law for the court. *Fields* v. *Spencer,* 111 W. Va. 355, 161 S. E. 613; *Higginbotham* v. *Kearse,* 111 W. Va. 264, 265-6, 161 S. E. 37; *Shriver* v. *County Court,* 66 W. Va. 685, 66 S. E. 1062; *Snoddy* v. *Huntington,* 37 W. Va. 111, 16 S. E. 442; *Hesser* v. *Grafton, supra.*

(1) A traveler having a choice of two reasonably convenient ways—one dangerous and one not—may assume the risk of injury if he takes the dangerous way. *Shriver* v. *County Court, supra.* The snow on the steps made the risk of the open cellar imminent. The Pattons did not know of the unmelted snow until they came to the steps. So, the evidence presents no case of deliberate choice between a dangerous and a safe route. As was said in *Boyland* v. *Parkersburg,* 78 W. Va. 749, 757, 90 S. E. 347, they were "not required to forego the sidewalk and seek a different route under the circumstances." "Pedestrians have a right to walk on the sidewalks in the most convenient route to reach their destination, and while they cannot recklessly place themselves in a place of danger, they need not forsake such walks merely because there may be some danger in passing over them." *Smith* v. *Yankton, supra.* The uncontradicted evidence that the alley abreast the steps was rough, snow-covered and considered unsafe (by Mrs. Patton) relieves the Pattons of any imputation of negligence for not taking that course. "As the alternative route becomes less convenient and more circuitous, and particularly when it itself is dangerous, the plaintiff may

without negligence use a highway in a proportionately serious state of disrepair." Restatement, Torts, sec. 473-b.

(2) Use of a highway known to have attendant danger does not alone make a traveler negligent, but use *wanting reasonable care.* The opinion in *Slaughter* v. *Huntington, supra,* 240, attributes a contrary doctrine to the *Hesser* and the *Van Pelt* cases, but that was inadvertent. In the *Hesser* case, the plaintiff attempted to use a street knowing it contained obstructions, in the nighttime, without light of any kind. In the *Slaughter* case, the plaintiff attempted to use an unlighted street *he should have known* contained obstructions "on a dark rainy night, when the ground had been made slippery by the rain." In both cases, denial of recovery was predicated, not on a mere use of the streets, but upon a use *in a negligent manner.* This Court aligned with the great weight of authority in *Moore* v. *Huntington, supra,* 848-9, saying: "Using a defective highway is not negligence as a matter of law. It would be an extraordinary rule, which made it negligence not to stay in doors, whenever the highway might be out of repair." Accord: *Shriver* v. *County Court, supra,* 689; *Gordon* v. *Richmond,* 83 Va. 436, 2 S. E. 727; *Altoona* v. *Lotz,* 114 Pa. 238, 246, 7 A. 240; *Morgan* v. *Kirksville,* (Mo. App.) 179 S. W. 755; *Andrews* v. *White Hall,* 184 Ill. App. 298; *Lundy* v. *Ames,* 202 Iowa 100, 209 N. W. 427; *Nicholson* v. *South Omaha,* 77 Neb. 710, 110 N. W. 558; Restatement, Torts, sec. 473; McQuillin, *supra,* sec. 3014; Jones on Negligence of Municipal Corporations, sec. 221; 43 C. J., subject Municipal Corporations, sec. 1854.

(3) The theorists are divided on whether negligence is a state of mind or is conduct. See article on Negligence, etc., by Professor H. W. Edgerton, 39 Harvard Law Rev., page 849. It seems obvious that the two are cause and effect, and that the former does not necessarily excuse the latter. It is equally obvious that negligence involves "relative indifference or relative inattention; a failure to feel as anxious or to focus attention as closely as one should." Edgerton, *supra.* This conforms to Sir John Salmond's definition of negligence: "conduct unaccompanied by that anxious consideration of

consequences which is called care.'' See his work on Torts (4th Ed.), page 23.

The business of living entails risk of injury, impossible to avoid. The mass of humanity is incapable of combating such risk with the higher degrees of care. Wherefore, the precaution of the man typifying the mass has been chosen by the law as the standard of human care. *Cameron Co.* v. *Whitington,* (Tex. Com. App.) 280 S. W. 527; *Hanlon* v. *Milwaukee Co.,* 118 Wis. 210, 95 N. W. 100. ''When due care consists in taking precautions against harm, only reasonable precautions need be taken, not every conceivable or possible precaution.'' Professor H. T. Terry, 29 Harvard Law Review, page 40. Accord: *Shriver* v. *County Court, supra,* 691; 43 C. J., subject Municipal Corporations, sec. 1851.

Different courts have adopted different formulae of what constitutes contributory negligence. This Court said many years ago that negligence barring the plaintiff ''must be such as he should reasonably anticipate would result in his own injury.'' *Washington* v. *Rr. Co.,* 17 W. Va. 190. Under the modern conception of negligence, ''the man of ordinary prudence'' should be substituted in the above statement for the pronoun ''he''. *Mercer* v. *Addison,* 111 W. Va. 616, 163 S. E. 439; *Keyser Co.* v. *Klots Co.,* 94 W. Va. 346, 118 S. E. 521; Restatement, Torts, sec. 289, p. 769; Pollock, Torts (13th Ed.), p. 455; Holmes, The Common Law, p. 107, etc. It is not an undue requisite of contributory negligence that under a given set of circumstances injury should be *reasonably anticipated* by the ordinarily prudent man. Restatement, Torts, sec. 473; *Morris* v. *Ry. Co.,* 184 Mo. App. 106, 168 S. W. 323; *Neeley* v. *Mapleton,* 139 Iowa 582, 117 N. W. 981; *Herkey* v. *Agar Co.,* 153 N. Y. Supp. 369.

This criterion—the man of ordinary prudence—is regarded neither as an automaton nor as an exceptional man, but as an ordinary member of the community. Professor Terry, *supra.* The mind of this exemplar is merely expected to function normally. *Boston Co.* v. *Seaboard Co.,* 270 F. 525. Restatement, Torts, sec. 283-a. Being an ordinary fellow, he has ''all of the human failings'' and is subject to some inattention and inadvertence. Professor W. A. Seavy, 41 Harvard Law

Rev., page 1. Being human—and fallible—the law also makes allowance for mere errors in his judgment. "We have often said that a mistake of judgment (alone) does not as a matter of law, constitute negligence." *Wis. & Ark. Co.* v. *Montgomery,* 165 Ark. 560, 563, 265 S. W. 365. Accord: *Ritter* v. *Hicks,* 102 W. Va. 541, 544-5, 135 S. E. 601; *Chicago Rd. Co.* v. *O'Connor,* 119 Ill. 586, 597, 9 N. E. 263; *Lent* v. *N. Y. Central Rr. Co.,* 120 N. Y. 467, 24 N. E. 653, 655. Normality is the quintessence of this characterization.

The conduct of the Pattons is not to be gauged now by the fact that Mrs. Patton slipped, but from their deportment before the mishap. The galoshes worn by Mrs. Patton, the slowness of her gait, and the placing of her hand on Mr. Patton's shoulder all indicate a lively concern for her own safety. What other precaution she should have taken (without abandoning the walkway) is not suggested by defendant. None occurs to us that the man of ordinary prudence (as we conceive him) would naturally have taken. Untold numbers of people tread snow-covered walks each winter without falling. A fall by an adult is the exception, not the rule. When precautions are taken, such as were taken by Mrs. Patton, the likelihood of falling on a snow-covered step does not seem probable. We cannot say that the man of ordinary prudence (as portrayed by the above authorities), under the circumstances here, should have *reasonably anticipated* a fall on the steps. Therefore, we cannot hold that the conduct of Mrs. Patton was negligent.

Whatever the rule in other states, "it is the settled law of this state that the burden of proving contributory negligence rests upon the defendant." *Riley* v. *Ry. Co.,* 27 W. Va. 145. Accord: Restatement, Torts, sec. 477; Pollock, Torts (13th Ed.), p. 459; Beach, Contributory Negligence (3d Ed.), sec. 426. The defendant herein having failed to carry that burden and its primary negligence being established, the judgment of the circuit court is affirmed.

*Affirmed.*